A. N. NELSON, County Treasurer, v. GEORGE L. BECKER, Administrator.[1]

November 27, 1895.

Nos. 9701—(112).

**Executors and Administrators—Liability for Taxes Assessed before Settlement.**

On May 1, 1893, and prior thereto, and afterwards to December 21, 1893, one B. was the administrator of the estate of K. The personal property of the estate in the hands of B. was duly assessed May 1, 1893. On December 21, 1893, B., upon petition and due notice given, filed his final account in probate court, which account was allowed, a final decree of distribution of said estate was entered, and, pursuant thereto, the estate was distributed to the persons entitled by law thereto, and B. was by said probate court duly discharged as such administrator. B. not having paid the taxes assessed upon said personal property, the county treasurer brought this action against him personally to recover the amount thereof. It did not appear, and could not be shown, when the tax claimed in this case was extended by the county auditor on the tax list. The auditor of said county completed the tax lists for the year 1893, and turned the same over to the treasurer of said county, as required by G. S. 1894, § 1562, upon January 2, 1894. *Held*, that B. was not personally liable for such taxes; that under the statute, as against the administrator, the taxes were

[1] Reported in 65 N. W. 119.

not finally ascertained and levied until he could ascertain and know the amount thereof, and to whom he could legally pay the same, which in this case was on January 2, 1894.

Case certified from the district court for Ramsey county, Brill, J. Affirmed.

*Pierce Butler*, County Attorney, for plaintiff.

*C. D. & Thos. D. O'Brien*, for defendant.

BUCK, J.   On May 1, 1893, and prior thereto, and afterwards, to December 21, 1893, George L. Becker was the administrator of the estate of Mary Keogh, deceased, duly appointed by the probate court of Ramsey county, and during such time resided within said county, and, as such administrator, had personal property in his hands subject to taxation in said county, and the same was duly assessed therein.   Taxes for the year 1893 were duly levied upon this property, and all proceedings for the recovery of the same were had in accordance with the statute.   Upon November 28, 1893, Becker, as such administrator, filed his final account in said probate court, and such proceedings were duly had that said account was allowed, a final decree of distribution was duly entered, and, pursuant to said decree, said estate was duly distributed to the persons entitled by law thereto; and upon December 21, 1893, said Becker was, by said court, duly discharged as such administrator.   The auditor of said county complet ed the tax lists for the year 1893 upon January 2, 1894, and turned the same over to the treasurer of Ramsey county, as required by G. S. 1894, § 1562.   The county treasurer of said county seeks to enforce the collection of this tax against the administrator personally.   It did not appear, and it could not be shown, on the trial in the court below, when the tax claimed in this case was extended by the auditor on the tax lists, and the trial court held and determined that the defendant, Becker, was not personally liable for the tax claimed in this proceeding, and that plaintiff was not entitled to judgment.

The statute provides that the personal property of an estate in the hands of an administrator, on the 1st day of May of each year, shall be assessed in his name.   As the law stood prior to the amendment of the tax law (Laws 1889, c. 192), possibly there might be force in the contention of the plaintiff that this tax was enforceable against the administrator; but it is very evident that such amendments were

passed for the purpose, in some measure, of excusing or relieving the administrator in certain contingencies from a personal liability for nonpayment of the tax assessed against him in his name as such administrator, and that, so far as possible, the property might be followed in the hands of a distributee or person receiving the residue of an estate. This amendment, which is part of G. S. 1894, § 1569, for the enforcement of the collection of taxes by process of court, is as follows:

"Where a citation is not served by reason of the fact that the person against whom such tax is assessed is a non-resident of the state of Minnesota, or by reason of the fact that such person shall have died and his estate shall have been administered and assigned, or by reason of the fact that the administrator or executor of an estate or the assignee for the benefit of creditors or any other person acting in a position or capacity of trustee shall have been duly discharged from his trust by a court of competent jurisdiction after the time when the property in his charge shall have become subject to taxation and before the total amount of such taxes shall have been ascertained and levied, in any such case a new citation shall issue in a proceeding brought by the county attorney of the proper county against such non-resident or against the persons to whom the residue of any estate of any deceased person, or the person (not a creditor) or persons to whom the residue of any estate assigned for the benefit of creditors, shall be assigned, which proceeding shall be brought in the name of the state of Minnesota, or of the proper county, and in any such action, proceedings may be had by attachment or garnishment as in civil actions; and such proceedings may be brought against any one of such persons receiving the residue of such estates * * * and such proceedings may be brought to final judgment in the same manner as provided in proceedings in citation for non-payment of personal property taxes; and all the said taxes, penalties, officer's fees and statutory costs as provided in civil actions shall be inserted in such judgment, and execution may issue thereon as provided in relation to executions upon judgments entered for the non-payment of personal property taxes."

Two constructions of this law are contended for; the plaintiff claiming that the taxes are "ascertained and levied" when the amounts are fixed by the various municipal authorities, and are certified to the

county auditor, which is not later than October 10 of each year. On the other hand, the defendant claims that the taxes are "ascertained and levied," within the meaning of the statute, when the lists are finally completed and turned over by the county auditor to the treasurer, which, of course, under the law, would be between October 10 and the first Monday in January next thereafter.

The practical difficulty in enforcing the law as contended for by the plaintiff is quite apparent. The state tax is levied and fixed by the legislature, and the rate must be certified to the county auditor by the state auditor, on or before the first day of October annually. The county tax must be levied by the county commissioners at their meeting in July. The amounts to be raised for city, township, and school purposes must be fixed by the various municipal authorities charged with that duty, and certified to the county auditor, on or before October 10 in each year. If there is anything due the state from the county on account of school books furnished the county, it is the duty of the county auditor to levy a sufficient tax for the purpose of meeting such indebtedness. The rate per centum of all taxes except the state tax and such other taxes, the rates of which are fixed by law, shall be calculated and fixed by the county auditor according to certain limitations prescribed by law; but, if any county, city, town, or school district returns a greater amount than the prescribed rates will raise, then it becomes the duty of the county auditor to extend only such amount as the limited rate will produce. There is then devolved upon the county auditor the further duty to make out the tax lists and the rate per cent. necessary to raise the required amount of the various taxes, which must be calculated on the assessed valuation of property, as fixed by the state board of equalization. It is very evident that the county auditor cannot extend the amount of taxes on the tax list until after the 10th day of October annually.

G. S. 1894, § 1562, provides that "the county auditor shall deliver the lists of the several districts of the county to the county treasurer on or before the first Monday in January in each year, taking his receipt therefor, showing the total amount of taxes due upon the said lists; and such lists shall be full and sufficient authority for the county treasurer to receive and collect taxes therein levied." This language contains an implied limitation as to the time when the county treasurer is authorized to receive and collect taxes, ascertained

and levied. He is not authorized to receive and collect taxes until the lists are delivered to him by the county auditor, who has the right to make and deliver this list at any time between October 10 and the ensuing first Monday in January. All of this time is given the county auditor to ascertain the rates and the amount as to each description or piece of property, and it is self-evident that his calculations and computations upon a large list of property need considerable time and much care. Referring to the law which we have quoted, it will be seen that several governmental or municipal bodies may ascertain and levy earlier than October 10 each year; but, if there is any amount due on account of school books, it can be ascertained and levied by the county auditor after October 10; and, until he does this, all taxes are not ascertained and levied, because it is his duty to ascertain the rates and amounts as to each description of property and each individual, and make his levy accordingly. The total amount of such taxes has not been ascertained and levied until he performs the final act of completing such lists by adding all the levies or amounts together; and as this final process was not done in this case, or could not be shown to have been done, prior to the delivery of the list to the county treasurer, on the first Monday of January, 1894, it cannot be presumed to have been done prior to that time; and, if not, then the total amount of such taxes were not, so far as the rights of the defendant are involved, "ascertained and levied" until that time. He could not, by the exercise of ordinary prudence or by great diligence, ascertain the amount of tax to be paid by him, for there was no official or other evidence of the amount to be paid, and no officer authorized to receive the same. Certainly, the law never contemplated the absurdity of having each administrator or executor going into the auditor's office, and making the computations himself as to the amount of taxes levied against him. Nor is it merely making the levy; it is the ultimate fact of ascertaining and levying the taxes covered by section 1569, referred to. Of course, all of this may be done prior to the first Monday of January in each year, because the law authorizes it to be done on or before that time; and when done, whether in the months of October, November, or December, the total amount would then be ascertained and levied, and the administrator would, if not properly and legally discharged before that date, be liable, because

he could easily ascertain the amount so ascertained and levied, pay it, and have the amount allowed and adjusted in his final settlement.

The construction contended for by the plaintiff is not only without the spirit and letter of the law, but would greatly delay the settlement of estates in probate courts. The law expressly provides that, if the estate shall have been administered and assigned, a citation may issue against the persons who have received the residue of the estate, the action may be tried as in civil actions, and brought to judgment in the same manner as provided in proceedings in citations for nonpayment of other personal property taxes; and, upon the recovery of judgment, including costs, execution may issue thereon, as provided in relation to execution on judgments for the nonpayment of personal property taxes.

We hold, therefore, that under the statute, when the taxes assessed to the administrator are finally ascertained by the county auditor, so that such administrator may know what amount he should pay on account of property held by him in such capacity, then, if the estate is not settled, and the property distributed, and the administrator not discharged, he should pay them; otherwise, he is not personally liable therefor.

The determination of the trial court is therefore affirmed.