STATE v. RUSSELL SAGE.

February 1, 1899.

Nos. 11,526—(271).

**Collection of Real-Estate Taxes—Statute of Limitations—G. S. 1894, § 5136, subd. 2.**

Under G. S. 1894, § 1578, the county treasurer is required to return to the county auditor on the first Monday in January in each year the several tax lists in the treasurer's hands, showing the delinquent taxes on each lot or tract of real estate. And under section 1579 of said statute, and on or before January 20 annually, the county auditor is required to file in the office of the clerk of the district court a verified and correct list of taxes delinquent upon real estate in his county, which filing is deemed the institution of an action. *Held*, that the six-years limitation of actions "upon a liability created by statute" does not commence to run against proceedings to enforce payment of taxes until the expiration of the time allowed for the filing of such list with the clerk of the district court.

**Title to Indemnity Lands—Approval of Selection.**

An act of congress approved July 4, 1866 (14 Stat. 87), entitled "An act making an additional grant of lands to the state of Minnesota, in alternate sections, to aid in the construction of railroads in said state," in part granted to the Hastings & Dakota Railway Company certain lands to the amount of five alternate sections per mile, but, in case of a deficiency, then the secretary of the interior was authorized to select sufficient public land to make up the deficiency. Such lands are usually designated "indemnity lands." *Held*, that no title to such indemnity lands was vested in the railroad company until a selection was made

by which they were pointed out and ascertained, and the selection approved by the secretary of the interior, and until such time the lands were not taxable by the state.

## Land not Assessed for Taxes—Payment of Penalties.

Taxable real estate was omitted from the assessment roll for the years 1890 and 1891, but the county auditor entered the same upon the assessment and tax books for 1896, and extended against said property the taxes which would have accrued against the same for the years 1890 and 1891. And, said taxes not having been paid, the county auditor, on January 20, 1898, filed with the clerk of the district court a list of delinquent taxes, including the real property so omitted, with the penalties accruing June 1, 1897, and January 1, 1898, on the unpaid taxes. *Held*, that these unpaid taxes were subject to said penalties.

Proceeding in the district court for Swift county to enforce the payment of taxes for the years 1890 and 1891, delinquent and unpaid on the first Monday in January, 1898, and the penalties accrued thereon, upon certain granted and indemnity lands. The matter was tried before Qvale, J., who made findings of fact, and as conclusions of law found (1) that plaintiff was entitled to judgment for the amount of taxes due and delinquent on all lands described in Exhibit A, referred to in the opinion, and to the penalties accrued thereon; and (2) that defendant was entitled to judgment for the cancellation of all taxes and penalties appearing against all the lands described in Exhibit B, referred to in the opinion. Both parties feeling aggrieved by the decision, the court certified the case, upon points which are set forth in the opinion, to the supreme court. Affirmed.

*S. H. Hudson*, County Attorney, for the state.

*Owen Morris*, for defendant.

BUCK, J.

Proceeding on the part of the state to enforce the payment of taxes for the years 1890 and 1891, delinquent and unpaid on the first Monday in January, 1898, and the penalties accrued thereon, upon certain granted and indemnity lands situated in Swift county. The cause was tried in the district court of Swift county upon stipulated facts, and certified to this court as provided by law upon points which the court deemed of great public importance, viz.:

(1) Are the lands described in Exhibit B attached to defendant's answer, being indemnity lands, taxable for the years 1890 and 1891?

(2) Is the enforcement of the taxes of 1890 in this proceeding on the granted lands described in Exhibit A attached to defendant's answer barred by the statute of limitation?

(3) Are the above taxes and those of 1891 subject to penalties accruing June 1, 1897, and 1898?

The questions involve the taxes for the years 1890 and 1891, which were omitted, or through neglect not extended against these lands in those years, and were added by the county auditor to the tax rolls of the year 1896, under and pursuant to G. S. 1894, § 1631. The lands herein involved appear to be of two distinct classes, differing in their legal status, one class appearing and described in Exhibit A, and included in the granted lands lying within the primary or granted limits of the Hastings & Dakota Railway grant, and the other class, designated in Exhibit B, including lands lying in the indemnity limit of said grant. The district court decided that the granted lands described in Exhibit A were taxable, but that the indemnity lands described in Exhibit B were not taxable. Each party being dissatisfied with the decision of the court, it certified the case to this court under G. S. 1894, § 1589, for its opinion upon these questions as above stated.

Taking up the question as to the granted lands described in Exhibit A, the question arises as to whether the enforcement of the collection of taxes upon said lands was barred by the statute of limitations. Counsel for the state concedes that the time limited by the statute for enforcing a liability for the collection of taxes is six years after the cause of action accrues (County of Redwood v. Winona & St. P. Land Co., 40 Minn. 512, 41 N. W. 465, and 42 N. W. 473), but claims that these proceedings were commenced in due time. This raises the question as to the time when the proceeding in the nature of an action could have been commenced for the enforcement of the payment of delinquent taxes for the year 1890 upon the lands described in Exhibit A, none of them having been assessed for that year.

There are several preliminary steps necessary in the proceedings to collect taxes before the time arrives when the right to commence

an action upon a liability created by statute accrues. The taxes, if duly assessed upon the lands for 1890, would have become due on the first Monday in January, 1891, at which time the county auditor is required to deliver the tax list to the county treasurer for collection, and he is required to retain the same until the first Monday in January, 1892, at which time he should return said list to the county auditor, and thereupon all unpaid taxes become delinquent. G. S. 1894, § 1578. In this case the first Monday in January, 1892, was the fourth day of that month. Subsequently there are several things to be done by the county auditor before he files his delinquent list with the clerk of the district court, as will be seen by examining G. S. 1894, § 1579, which reads as follows:

"On or before the twentieth day of January the county auditor shall file in the office of the clerk of the district court of the county, or, if it be attached for judicial purposes to some other county, then in the office of the clerk of such court in that county, a list of the delinquent taxes upon real estate within his county, which list shall contain a description of each piece or parcel of land on which such taxes shall be so delinquent, with the name of the owner, if known, and if unknown, so stated, appearing on the delinquent list, and the total amount of tax delinquent and penalty for each year opposite such description, and shall verify such list by his affidavit that the same is a correct list of taxes delinquent, for the year or years therein appearing, upon real estate in said county. The filing of such list shall have the force and effect of filing a complaint in an action by the county against each piece or parcel of land therein described, to enforce payment of the taxes and penalties therein appearing against it, and shall be deemed the institution of such action; and the same shall operate as notice of the pendency of such action."

It is to be observed that this section does not require the auditor to file with the clerk the list returned to him by the county treasurer, but a list containing a description of each piece or parcel of land on which taxes are delinquent, and the penalty for each year set opposite such description, with the name of the owner, if known, and, if unknown, so stated, appearing on the delinquent list, which list must be verified by his affidavit that the same is correct. Thus it appears that several things are made a prerequisite to the auditor's list before its filing which are not required by section 1578 in the list furnished the auditor by the treasurer. Hence the mere

fact that a delinquency may exist on the first Monday in January does not of itself then give a right of immediate action. It would be a physical impossibility for the auditor to prepare his list, add the penalties for each year, see that the names of the owners were correct, and verify the correctness of the whole list on the day it was delivered to him by the treasurer. Especially would this be the case in some of our largest and most thickly populated counties, and hence he is given the period from the first Monday in that month to January 20 to prepare his list, which may in many respects differ materially from the one returned to him by the county treasurer. No presumption arises in this case that the county auditor could or would have filed his list before January 20, 1892. Certainly, the statute of limitations would not commence to run, at least until the list was perfected; and, as there is no proof that it was ever perfected, the cause of action cannot be deemed to have accrued, nor the statute to have commenced to run, until the very last day allowed the auditor for filing his list with the clerk of the district court, viz., January 20, 1892. In the case of County of Chisago v. St. Paul & D. R. Co., 27 Minn. 109, 6 N. W. 454, it was said:

"The only mode in which the state can assert a right to tax lands, so that the claim of right may be judicially determined, is by the filing of the list. That is equivalent to the commencement of an action for the determination of such claim of right."

Until this is done, no jurisdiction is acquired to proceed against the taxpayer or his property, nor to require him to object or answer. If the list is filed by the auditor on January 20, that is the day when the right of action accrues, and when the action is commenced under the statute. In the case at bar the county auditor of the county of Swift delivered the list of the several districts of his county showing the amount of taxes due and delinquent for the years 1890 and 1891 upon the lands described in Exhibit A to the clerk of the district court of Swift county on January 20, 1898, with the delinquent list of that year, hence we answer this second question by saying that such proceedings were not barred by the statute of limitations.

Are the lands described in Exhibit B attached to defendant's

answer, being indemnity lands, taxable for the years 1890 and 1891?
—this being the first question certified by the trial court.

By virtue of a stipulation between the parties, the trial court
found as facts that Russell Sage, as assignee in trust of the Hast-
ings & Dakota Railway Company, is the owner of lands particularly
described in Exhibit B, made a part of defendant's answer; and
that Sage, as assignee in trust, became the owner of, and vested
with the title to, all the lands described in said Exhibit B in the
years 1894 and 1897, and not before, he acquiring title to said lands
by and through mesne conveyances from the United States under
and by virtue of an act of congress approved July 4, 1866 (14 Stat.
87), entitled "An act making an additional grant of land to the state
of Minnesota, in alternate sections, to aid in the construction of
railroads in said state"; that the lands described in said Exhibit B
are commonly known as lieu or indemnity lands; and that the
county auditor of Swift county entered all of said lands described
in said Exhibit B upon the assessment and tax books of said county
for the omitted years of 1890 and 1891; and that said auditor as-
sessed said lands for said years, and extended taxes against them
in the tax list for the current year 1896.

It appears that the proper parties, on May 26, 1883, applied to the
proper land office for these indemnity lands, and that said applica-
tion was finally rejected by the secretary of the interior solely be-
cause said application did not contain a designation, tract for tract,
of lands lost, in lieu of which selections were made. When this de-
cision was made, the parties immediately, on October 29, 1891,
again applied therefor, and a designation of lands lost, tract for
tract, was then made. Thereafter, and on October 22, 1894, and not
before, as to a part of said lands, and on March 29, 1897, as to the
remainder thereof, said second application for and selection of said
lands was duly approved by the secretary of the interior, and cer-
tified to the state of Minnesota, as provided by law, which certifi-
cate was filed in the office of the auditor of state on February 4,
1895, as to part of said lands, and on April 9, 1897, as to the re-
mainder thereof, and the state of Minnesota deeded part of said
lands to the defendant, Russell Sage, as assignee in trust, by an

instrument dated April 13, 1895, and the remainder are still undeeded.

As a conclusion of law upon the facts, the court found that the defendant was entitled to judgment for the cancellation of all the taxes and penalties appearing against all the lands described in Exhibit B. Of course, the defendant acquiesces in this finding, but the plaintiff contends that the title to these indemnity lands described in Exhibit B became vested in the defendant long prior to the year 1890, and that, inasmuch as the company had fully complied with the necessary requirements as to the selection of the lands, it became unnecessary for the secretary of the interior to approve such selection, and that the title to said lands vested in the company immediately upon selection, without his approval.

The vice in the contention of the plaintiff is that these indemnity lands were not selected by the secretary of the interior until 1894 and 1897, and "no title to indemnity lands was vested until a selection was made by which they were pointed out and ascertained, and a selection made approved by the secretary of the interior." Sioux City & St. P. R. Co. v. Chicago, M. & St. P. Ry. Co., 117 U. S. 406, 6 Sup. Ct. 790. This decision was followed in Wisconsin Cent. R. Co. v. Price Co., 133 U. S. 496, 10 Sup. Ct. 341, where the same rule was applied, and it is there said that the same view has been held by the different attorneys general of the United States, and that such has been the constant practice of the land department. These decisions control this phase of the case, and hence we answer the first question, viz., are the lands described in Exhibit B, being indemnity lands, taxable for the years 1890 and 1891, in the negative. We do not think that the case of Sage v. Swenson, 64 Minn. 517, 67 N. W. 544, cited by counsel for the state, is in point; and, if it is, the question arising as to when the title to the indemnity lands vested is a federal one, the decision of the supreme court of the United States controlling.

The third and remaining question is, are the taxes for 1890 and 1891 subject to penalties accruing January 1, 1897, and January 1, 1898?

The lands described in Exhibit A, being granted lands, or lands in place, were taxable for the years 1890 and 1891, but, as they were

omitted for these years, the county auditor added them to the tax rolls of the current year 1896, pursuant to G. S. 1894, § 1631, and they were duly and properly assessed by said auditor for said years 1890 and 1891, and by him the omitted taxes for these years were duly extended against said lands on the tax list for the current year 1896. These taxes, so duly extended against said lands, became delinquent upon the first Monday of January, 1898, and such delinquency for taxes due on said lands for 1890 and 1891 appears against said lands upon the delinquent tax list for 1898, which was duly filed with the clerk of the district court on January 20, 1898. There are no penalties included in the tax proceedings against said granted lands except those accruing January 1, 1897, and January 1, 1898, by virtue of their being placed on the regular tax list with the taxes of 1896. Of course, the defendant had the same time and opportunity to pay these taxes before they became delinquent as other taxpayers who had neglected to pay their taxes upon lands duly assessed in 1896. As such assessment was then valid, and the taxation proper and legal, it logically follows that the accrued penalties for nonpayment of taxes lawfully and properly accrued.

County of Redwood v. Winona & St. P. Land Co., 40 Minn. 512, 41 N. W. 465, and 42 N. W. 473, cited by defendant's counsel, is not in point. In that case it was held that penalties for nonpayment of taxes can only be imposed after the taxpayer has had an opportunity to pay, and fails to do so. In that case it also appeared that penalties had been included in the subsequent assessment for past years, where the property had previously been omitted for several years. This was held to be illegal. That case differs widely from this one, and is not an authority upon the point here involved, and hence we answer the third question in the affirmative so far as concerns the lands included in Exhibit A, being granted lands, and they are subject to the penalties accruing January 1, 1897, and January 1, 1898.

We therefore agree with the trial court that plaintiff is entitled to judgment for the amount of taxes due and delinquent on all the lands described in Exhibit A, being granted lands, and to the penalties accrued thereon, and that defendant is entitled to judgment for the cancellation of all taxes and penalties appearing against all

the lands described in Exhibit B, being indemnity lands; hence the order for judgment is affirmed.