STATE ex rel. JOSEPH VOSSEN v. C. C. EBERHARD.[1]

July 3, 1903.

Nos. 13,372—(122).

**Taxation—Personal Property.**

Personal property is not subject to taxation, while in the hands of the heirs, executor, or administrator, for the amount it should have been taxed during the life of the owner.

Writ of certiorari issued from the district court for Houston county upon relation of Joseph Vossen, as executor of the estate of Mary A. Molitor, deceased, to review the proceedings of respondent, as auditor of said county, in assessing and levying a tax against relator for personal property owned and possessed by decedent which was omit-

[1] Reported in 95 N. W. 1115.

ted in the assessment and remained untaxed during her lifetime. Upon the hearing, before Kingsley, J., the court made an order directing that the writ be discharged. From a judgment entered pursuant to the order, relator appealed. Reversed.

*Duxbury & Duxbury,* for appellant.

*O. K. Dahle,* County Attorney, for respondent.

LEWIS, J.

Anton Molitor died March 17, 1897, leaving his widow, Mary A. Molitor, sole heir and devisee. According to the inventory of the estate filed June 23, 1897, deceased was possessed of the following property:

```
Real estate ............................................... $1,850 00
Furniture and household goods.............................    100 85
Wearing apparel and ornaments.............................     22 00
Mortgages and accrued interest thereon....................  1,593 10
Notes and accrued interest thereon........................  5,634 95
Cash .....................................................    864 15
```

According to the final account, after the estate was administered, there remained:

```
Personal property, including mortgages, notes, etc......... $7,228 07
Cash .....................................................    830 20
Household goods, wearing apparel, and ornaments...........    122 85
```

—Which property was turned over to the widow on January 6, 1898, pursuant to the decree of the probate court.

For the years 1898, 1899, 1900, and 1901 the widow was assessed as follows:

| Year Assessed. | Household Goods | Item 21 Money Other Than Bankers, etc. | Item 22 Credits Other Than Bankers, etc. |
|---|---|---|---|
| 1898 | $71 00 | None | $ 900 00 |
| 1899 | 84 00 | None | 1,500 00 |
| 1900 | 82 00 | None | 900 00 |
| 1901 | 60 00 | None | 900 00 |

The widow died testate March 1, 1902, and relator, Joseph Vossen, was appointed executor, and the estate is still pending in the probate court. After her death, and in October, 1902, the county auditor issued an order to show cause upon the executor why the assessments

should not be made against him as executor of the estate of Mary A. Molitor upon the property belonging to the ·estate, and omitted for the years 1898, 1899, 1900, and 1901, as follows:

| Year Omitted | Household Goods | Item 21 Money Other Than Bankers, etc. | Item 22 Credits Other Than Bankers, etc. |
|---|---|---|---|
| 1898 | | $830 20 | $6,328 07 |
| 1899 | · | 830 20 | 5,728 07 |
| 1900 | | 830 20 | 6,328 07 |
| 1901 | | 830 20 | 6,328 07 |

On the rehearing the assessment was made by the auditor according to this statement, and the relator then sued out a writ of certiorari requiring the auditor to dismiss the proceedings. The writ having been quashed, and judgment having been entered to that effect, appeal was taken from the judgment to this court.

By an examination of the two statements it will be seen that under item "21" $830.20 cash was entered by the auditor for each of the years claimed to have been omitted, and under item "22" credits were added to the extent of about $5,428 for each year. For the purposes of this case it will be admitted that the same money and credits which the widow received from her husband's estate came into possession of the relator as her executor. The question before the court is this: While in the hands of the administrator or executor before the estate has been distributed, is the personal property left by a deceased person subject to taxation for prior years, the same having been omitted from taxation by the decedent? The only authority under which the auditor claims to have proceeded is G. S. 1894, § 1631, the first part of which reads:

> "If any real or personal property shall be omitted in the assessment of any year or years, and the property shall thereby escape taxation, when such omission shall be discovered the county auditor shall enter such property on the assessment and tax-books for the year or years omitted, and he shall assess the same and extend all arrearage of taxes properly accruing against said property, with seven per cent. interest thereon, from the time

said taxes would have become delinquent, and the same shall be extended against such property on the tax-list for the current year. * * *"

So far as real estate taxes are concerned, this law was upheld in the cases of County of Brown v. Winona & St. Peter Land Co., 39 Minn. 380, 40 N. W. 166, and County of Redwood v. Winona & St. Peter Land Co., 40 Minn. 512, 41 N. W. 465, 42 N. W. 473.

The action of the auditor was sustained upon the ground that the statute was remedial, should be liberally construed, and that it was the intention, in case personal property was omitted for previous years, to proceed, not upon a system of original taxation, but to enforce the debt or liability owing to the state for the years when the property ought to have been assessed; that under this statute the amount of such taxation for the omitted years was, at the time it should have been assessed, a debt which the widow owed the state, and which could not be discharged except by payment or limitation; that it was not extinguished by her death.

From this it would appear that the learned trial court construed section 1631 to provide a new method of procedure for the collection of taxes under such circumstances, and that it was the intention of the act in such cases to make the amount of the tax which should have been paid a personal debt, which would take the same position with reference to the estate as any other personal obligation. We cannot concur in this view. The statute does not effect such a radical change in the method of procedure. The proceeding for the collection of taxes upon personal property is one in personam, and not in rem. This radical distinction must be kept in mind: In the one case the tax is against the person, although estimated in amount according to the value of the personal property possessed, and is never a lien upon the property assessed; in the other the tax is against the land, and becomes a lien thereon, but is never made a personal obligation against the owner. The state has no claim upon the personal property assessed, and it may be disposed of by the owner without regard to its assessment for taxes. There is a wise reason for the distinction, and it is the policy of the law to permit the free transfer and change of personal property without regard to the taxes for which it may have been assessed, and, if it had been the intention of the legislature by

section 1631 to make the distinction claimed, such purpose would have been manifested by some language to that effect.

It may be conceded that the act applies to persons still living, because they have the same opportunity to appear and test the validity of the assessment as they had at the time it should have been taxed; but there is no more reason for holding an executor or administrator or the heirs of a deceased person liable for such taxes than there is in making the grantee or assignee of the property liable. There is quite as much reason for permitting personal property to pass unincumbered from taxes in one case as in the other. Quite as much inconvenience and hardship would inure to the recipients. It would be a great surprise to the profession and business men of this state were they to understand that the law provided that after the death of the owner of personal property the assets of the estate could be resorted to for the purpose of making good the amount of the tax which should have been levied during the life of the owner. It is true that, where some certain specific article of property can be shown to have escaped taxation, and can be traced into the hands of the executor before the estate is distributed, the estate may reasonably be required to make good the omission, but the Legislature has not seen fit to make any distinction.

Our view is that, while the Legislature might have provided a method for collecting from the estate before distribution the amount which should have been paid as personal property taxes during the life of decedent, it has not done so, and the act can only be enforced in a case where the party originally responsible is still living.

Judgment reversed.