GAMBLE v. PATRICK, *County Treasurer.*

No. 428.   Opinion Filed December 21, 1908.   Rehearing Denied.

(99 Pac. 640.)

**TAXATION—Omitted Property—Estate of Decedent.** The right of the officers who are empowered and charged with the duty to see that omitted property is subjected to taxation is a continuing one against each and every taxpayer, and it is not terminated with the death of the latter; but proceedings in discharge of such duty can be maintained against his estate after his death, and the notice required by the law may be served upon his administrator or executor.

(Syllabus by the Court.)

*Error from District Court, Kingfisher County; A. H. Huston, Judge.*

Action by Hannah G. Gamble, administratrix of the estate of David Gamble, deceased, against James S. Patrick, as Treasurer of Kingfisher County. Judgment for the defendant, and plaintiff brings error. Affirmed.

*F. L. Boynton,* for plaintiff in error.

*M. W. Hinch, Co.* Atty., and *Nagle & Blair,* for defendant in error.

KANE, J.   It was stipulated and agreed between counsel that the above-entitled cause be advanced, heard, and decided with the prohibition case of *Anderson v. Ritterbusch* (just decided by this court) 22 Okla. 761, 98 Pac. 1002, having due regard for the questions that are presented and argued in this case that were not at issue in that one. The points of difference in the two cases are stated in the stipulation to be:   (1) That injunction is a proper remedy to raise these questions and lies to prevent the assessment and levy of an illegal tax;   (2) that the law does not reach the estate of a decedent who is alleged not to have been assessed;   (3) that undervaluation is not remediable under the

law, it differing in that respect from those states where reassessment for undervaluation as well as for omissions is authorized by express statute; and (4) that our law, unlike those of other states, does not authorize assessments against administrators, executors, or heirs.

In view of our holding in *Anderson v. Ritterbusch, supra,* it is not necessary to discuss the first, third, and fourth points of difference as stated above, as they were passed upon and decided adversely to the contention of plaintiff in error in *Anderson v. Ritterbusch, supra.*

The contention of counsel on the second proposition is to the effect: That Senate Bill No. 245 is void so far as this particular case is concerned, because David Gamble, the owner of the property at the time it is alleged it escaped taxation, is dead, and the estate vests, unimpaired by any lien at the time of his death, to his heirs; that under our statutes the property, both real and personal, of one who died without disposing of it by will, passes to the heirs of the intestate, subject to the control of the probate court, and the possession of any administrator appointed by that court, for the purpose of administration. Section 6894, Wilson's Rev. & Ann. St. 1903. We cannot agree with counsel in this contention. Section 1739, Wilson's Rev. & Ann. St. 1903, provides that:

"The debts of the estate must be paid in the following order: First. Funeral expenses. Second. The expenses of the last sickness. Third. Funds necessary for the support of the family for ninety days. Fourth. Taxes to the United States or the territory, county or city."

In *Anderson v. Riterbusch, supra,* we held that taxes due the territory of Oklahoma prior to statehood on account of omitted property constitute a debt accruing to the territory under section 3 of the Schedule to the Constitution (Bunn's Ed. § 452), and the Legislature of the state may make provision for the recovery of such taxes by the state. Section 1739, *supra,* seems to make such a claim a debt against the estate of the decedent, which

must be paid before it is subject to distribution to his heirs or, devisees.

The case of *Graham v. Russell*, 152 Ind. 186, 52 N. E. 806, seems to us to be in point on this proposition. Mr. Justice Jordan, who delivered the opinion of the court, says:

"The right of the county auditor and the other officials who in like manner are empowered and charged with the duty to see that omitted property is subjected to taxation is a continuing one against each and every taxpayer, and it is not terminated with the death of the latter; but proceedings in discharge of such duty can be maintained against his estate after his death, and the notice required by the law may be served upon his administrator or executor. * * * Neither the taxpayer or his estate after his death can claim any vested rights in the fruits of his fraud or omission to list and return all of his property liable to taxation, and the law, when properly invoked, will not permit either to profit thereby."

In 27 Am. & Eng. of Law, 701, the general rule is stated to be as follows:

"The death of the taxpayer does not abate the liability to pay taxes on property which has escaped taxation during his lifetime, and they are properly assessed against the estate."

In support of the text, *Saint v. Welsh*, 141 Ind. 382, 40 N. E. 903, *Reynolds v. Bowen*, 138 Ind. 434, 36 N. E. 756, 37. N. E. 962, and *Com. v. Sweigart's Adm'rs*, 115 Ky. 293, 73 S. W. 758, are cited.

In the case of *Buck et al. v. Miller*, 147 Ind. 586, 45 N. E. 647, 47 N. E. 8, 37 L. R. A. 384, 62 Am. St. Rep. 436, the same question was involved. The deceased created a trust and gave the property to trustees under such trust. Mr. Justice Howard, in discussing the proposition in that case, says:

"The state and the municipalities to which Mr. Nash owed taxes are not concerned specially with any trust he may have created for the management of a part of his estate. He died owing certain taxes which he had avoided paying for a great many years. Those taxes have now been assessed in pursuance of statutory provisions for the assessment of omitted property. The taxes are a lien on all property in the county belonging to

his estate. This lien can be released only by payment of the taxes. He could not, by giving away his property, relieve it of the burden cast upon it by the law. It is immaterial to that state whether the property is found in the custody of the executors, administrators, trustees, heirs, or devisees. The state seeks out the property itself, or any part of it that can be found, and demands of those claiming to own or use it that the taxes be paid."

Counsel for plaintiff in error depends upon *State v. Eberhard*, 90 Minn. 120, 95 N. W. 1115, to support his contention, which he claims is a case on "all fours" with the one at bar. The Supreme Court of Minnesota stands alone in its position on this question, which may be accounted for by the difference between its statute on the subject and ours and the other states holding the other way. We prefer to follow the weight of authority, particularly as the cases opposed to the Minnesota rule seem to be construing statutes similar to section 1739, *supra*.

This cause came up by petition in error from the district court of Kingfisher county. The ground of complaint was that the judge of the court below sustained a motion to dissolve a temporary injunction, enjoining the county treasurer of said county from assessing or levying any taxes against the property or estate of David Gamble, deceased, or the administratrix thereof, for the years from 1894 to 1907. As we are of the opinion that the law under which the county treasurer was proceeding is a valid law, it follows that the judgment of the court below must be affirmed.

All the Justices concur.