## STATE v. DEBORAH O'CONNELL AND ANOTHER.[1]

January 21, 1927.

No. 25,863.

**Owner of unassessed personal property liable for tax until it is paid.**

1. The owner of personal property omitted from the tax rolls becomes liable for the tax thereon at the time the property ought to have been placed upon the rolls, and this liability continues until the tax is discharged by payment.

**After owner's death such tax may be enforced against his estate.**

2. Where personal property has been omitted from the tax rolls, taxes thereon which accrued against the owner in his lifetime may be enforced against his estate after his death. State ex rel. Vossen v. Eberhard, 90 Minn. 120, overruled.

Taxation, 37 Cyc. p. 771 n. 34.

The state appealed from a judgment of the district court for Martin county, Peterson, J. Reversed.

*John W. Lovell,* County Attorney, and *McCune & McCune,* for the state.

*Frank E. Dougherty,* for respondents.

TAYLOR, C.

E. J. O'Connell, a resident of the city of Fairmont in Martin county, died intestate on December 1, 1924. For several years prior to his death, he had made no return of moneys or credits for taxation and had not been taxed for property of that nature. After his death it was discovered that he possessed a considerable quantity of moneys and credits, consisting mainly of bonds and certificates of deposit, and the taxing officers spread upon the tax records an assessment and a levy of taxes against him upon this property for the years in which it had escaped taxation. The taxes so placed upon the tax records were included in the list of delinquent personal

[1]Reported in 211 N. W. 945.

property taxes filed with the clerk of the district court. The administrators of his estate filed an answer. The court found that all the provisions of law relating to the assessment and levy of these taxes had been complied with in form; but, upon authority of State ex rel. Vossen v. Eberhard, 90 Minn. 120, 95 N. W. 1115, held in substance that such omitted taxes could not be assessed or levied, nor the claim for them asserted after the death of O'Connell, and rendered judgment to that effect. The state appealed.

State ex rel. Vossen v. Eberhard justified the conclusion of the learned trial court and the real question presented is whether that case should be followed or be overruled as unsound.

The statute provides:

"If any real or personal property be omitted in the assessment of any year or years, and the property thereby escape taxation, when such omission is discovered the county auditor shall enter such property on the assessment and tax books for the year or years omitted; and he shall assess the property, and extend against the same on the tax list for the current year all arrearage of taxes properly accruing against it, including therein, in the case of personal property taxes, interest thereon at the rate of seven per cent. per annum from the time such taxes would have become delinquent, when the omission was caused by the failure of the owner to list the same. If any tax on any property liable to taxation is prevented from being collected for any year or years by reason of any erroneous proceedings or other cause, the amount of such tax which such property should have paid shall be added to the tax on such property for the current year." G. S. 1923, § 1985.

This statute was construed and applied in County of Redwood v. Winona & St. P. L. Co. 40 Minn. 512, 513, 41 N. W. 465, 42 N. W. 473, a case involving omitted real estate. The court said:

"The tax was a debt or liability which the land owed in the year when it ought to have been assessed. Such statutes are purely remedial in their nature, and only go to confirm pre-existing rights by adding to the means of enforcing existing obligations. And it

can hardly be necessary at this day to argue that wherever property has escaped payment of its share of the public burdens it is competent for the legislature to provide for its assessment or reassessment for back years, and for that purpose it may adopt any method which it might have originally adopted for the enforcement of the collection of taxes. There is no difference in principle between a case where property has escaped taxation by reason of its entire omission from the assessment-rolls and a case where it has escaped by reason of defects in attempted proceedings for the enforcement of the tax. In either case the debt or liability for its share of the public burdens remains, and it may be ascertained and enforced in any subsequent year; and the owner cannot object to any particular method adopted for that purpose, provided it operates equally and justly. The principle of all the cases is that the taxing power, when acting within its legitimate sphere, is one which knows no stopping place until it has accomplished the purpose for which it exists, viz., the actual enforcement and collection from every lawful object of taxation of its proportionate share of the public burdens; and, if prevented by any obstacles, it may return again and again until, the way being clear, the tax is collected. This right to assess or reassess for back taxes, under appropriate legislation, has been fully recognized by this court. (Citing cases.) It is laid down as the unquestioned law by every text-writer. (Citing authorities.) It is supported by an unbroken line of decisions, not only in cases where an abortive attempt to enforce the tax had been previously made, but also in cases where it had been assessed against the wrong person, or where, as in this case, property had entirely escaped assessment. (Citing cases)."

The law as there stated is in accord with all the authorities and its correctness is beyond question.

The syllabus in State ex rel. Vossen v. Eberhard reads:

"Personal property is not subject to taxation, while in the hands of the heirs, executor, or administrator, for the amount it should have been taxed during the life of the owner."

The proceeding in that case was against the executor and the court seems to have taken the view that enforcing the tax against him for

the omitted years would be tantamount to imposing a lien upon the property for the amount of the tax. This decision is contrary to all the authorities construing similar statutes no broader than ours.

27 Am. & Eng. Enc. (2d ed.) 701, states:

"The assessment when made relates back to the time when the property should have been assessed, and is not affected by changes in ownership, consumption, or removal subsequent to the latter date. * * * The death of the taxpayer does not abate the liability to pay taxes on property which escaped taxation during his lifetime; and they are properly assessed against the estate."

26 R. C. L. 351, states:

"Taxes are not canceled and discharged by the failure of duty on the part of any tribunal or officer, legislative or administrative. Payment alone discharges the obligation, and until payment the state may proceed by all proper means to compel performance of the obligation. * * * Omitted property may be constitutionally assessed even if, at the time that the assessment is made, the property has passed out of existence or the owner has died."

In Gamble v. Patrick, 22 Okla. 915, 99 Pac. 640, 18 Ann. Cas. 348, the court reviewed cases from other states passing upon the question and then remarked:

"Counsel for plaintiff in error depends upon State v. Eberhard, 90 Minn. 120, 95 N. W. 1115, to support his contention, which he claims is a case on 'all fours' with the one at bar. The Supreme Court of Minnesota stands alone in its position on this question."

In the note following that case in 18 Ann. Cas. the annotator, after citing cases sustaining the general rule, quotes the Minnesota statute with the comment that under that statute the general rule had been departed from in State v. Eberhard.

In Bogue v. Laughlin, 149 Wis. 271, 136 N. W. 606, 40 L. R. A. (N. S.) 927, Ann. Cas. 1913C, 1367, the Wisconsin court reviewed the authorities and referred to State v. Eberhard as relied upon by the respondent to sustain the judgment. The court said that that case rested upon a statute similar to their own, but held that the

statute gave authority to the taxing officers to assess omitted personal property after the death of the person liable for the tax and reversed the lower court. The note to this case in 40 L. R. A. (N. S.) 927, reviews the authorities and says:

"State ex rel. Vossen v. Eberhard, 90 Minn. 120, 95 N. W. 1115, which is sufficiently set out in Bogue v. Laughlin, and is contrary to the general rule as laid down at the beginning of this note, seems to stand alone in its holding."

We are convinced that the holding in that case was erroneous; that it is not only contrary to all the authorities but fails to give proper force or effect or the statute. While only omitted real estate was involved in County of Redwood v. Winona & St. P. L. Co. supra, what is there said applies with equal force to omitted personal property. To be sure the tax upon personal property is not a lien upon the property but only a personal liability of the owner. Yet the owner of personal property omitted from the tax rolls becomes liable for the tax upon it at the time it ought to have been placed thereon and this liability continues until discharged by payment. In the present case the decedent became liable for these taxes in his lifetime. It was an obligation which did not abate at his death. And when the amount is determined as provided by the statute, payment thereof may be enforced against his estate in the same manner as other liabilities which he incurred in his lifetime, in the absence of a statute providing a different procedure.

State ex rel. Vossen v. Eberhard, 90 Minn. 120, 95 N. W. 1115, is overruled in so far as it holds that taxes upon personal property omitted from the tax rolls which accrued against the owner in his lifetime cannot be enforced against his estate after his death. The judgment is reversed.