*Decision will be entered under Rule 50.*

RED WING POTTERIES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 97674. Promulgated March 6, 1941.

*O. R. Folsom-Jones, Esq.,* and *H. M. Temple, C. P. A.,* for the petitioner.
*Jonas M. Smith, Esq.,* for the respondent.

## OPINION.

KERN: Petitioner was on the accrual basis and the primary question is whether all the circumstances which fix its liability for the tax had occurred in a year before 1936, when the tax was paid and the deduction for it claimed. The alternative question of recoupment must wait our answer on this.

The tax was laid on money and credits held by the taxpayer and was paid for the years 1929 to 1933, inclusive. The facts indicate

that petitioner had not made a full disclosure of its money and credits for these years; that it was urged to do so by a special state tax investigator on November 5, 1934; that a year later, on November 26, 1935, it had still failed to make full returns and the state tax commission had consequently made a determination of the tax due from its own information; that, no payment having been made, the state thereafter, late in 1935 or in 1936, brought suit; and that the suit was settled by the payments here in question on October 12, 1936. Did the taxes "accrue" before 1936?

Petitioner relies on Minnesota law provided in such cases where property has been omitted from the assessment lists, has thereby escaped taxation, and is thereafter returned and assessed, as follows (1 Mason's Minn. Stat. 1927, § 1985):

1985. *Omitted property*—If any real or personal property be omitted in the assessment of any year or years, and the property thereby escape taxation, when such omission is discovered the county auditor shall enter such property on the assessment and tax books for the year or years omitted; and he shall assess the property, and extend against the same on the tax list for the current year all arrearage of taxes properly accruing against it, including therein, in the case of personal property taxes, interest thereon at the rate of seven per cent. per annum from the time such taxes would have become delinquent, when the omission was caused by the failure of the owner to list the same. If any tax on any property liable to taxation is prevented from being collected for any year or years by reason of any erroneous proceedings or other cause, the amount of such tax which such property should have paid shall be added to the tax on such property for the current year.

Petitioner contends that under this provision of state law the tax did not accrue until the year in which collection was made, but this assertion is contrary to the construction put upon this section by the state courts. In *In re Barber*, 31 Minn. 256; 17 N. W. 473 (1883), the Supreme Court of Minnesota said, at page 475:

Every piece of property (not exempted) owes to the state its proportionate share of the amount necessary to be raised by taxation for the expenses of the government. Although for any cause the proportionate share for any one year of any piece of property may not be enforced, or even ascertained, the debt remains, and it may be ascertained and enforced in any subsequent year; and the owner cannot object to any particular mode adopted by the state for ascertaining such share, and enforcing payment of it, unless such mode operate unequally or unjustly.

That case, it is true, involved only real property, and some doubt, twenty years later, was thrown upon the application of this doctrine to personalty by the decision of the Supreme Court of Minnesota in *State ex rel. Vossen* v. *Eberhard*, 90 Minn. 120; 95 N. W. 1115, but with the express overruling of that decision by *State* v. *O'Connell*, 170 Minn. 76; 211 N. W. 945, no further doubt can be entertained that a tax previously omitted and later assessed against personalty is accrued under Minnesota law in the year in which it should have been assessed, and

this is so although the exact extent of the property taxes is unascertained in the prior year. In *O'Connell's* case the court said (p. 946):

* * * While only omitted real estate was involved in *County of Redwood* v. *Winona & St. Peter Land Co.*, supra, what is there said applies with equal force to omitted personal property. To be sure, the tax upon personal property is not a lien upon the property but only a personal liability of the owner. Yet the owner of personal property omitted from the tax rolls becomes liable for the tax upon it at the time it ought to have been placed thereon, and this liability continues until discharged by payment. In the present case the decedent became liable for these taxes in his lifetime. It was an obligation which did not abate at his death.

See also the Eighth Circuit's opinion in *Lifson* v. *Commissioner*, 98 Fed. (2d) 508, 510.

Was this particular tax on money and credits on the state statute book from 1929 to 1934, inclusive? No claim is made by the petitioner that it was not. Sections 2337 to 2349, inclusive, of the 1927 edition of the Minnesota statutes, provide for the imposition and collection of such a tax. Section 2338 provides that listing shall be done in the manner prescribed by section 1999, which in turn lays the duty on the taxpayer of listing all personal property, including money and credits. The petitioner here complains in his brief that "The State taxes, the deduction of which in 1936 is in controversy, * * * were not brought to the petitioner's attention until November 26, 1935, by letter from the Secretary of the State Tax Commission * * *; although a preliminary investigation had been instituted by the State in 1934 * * *." It will be seen that the duty of making proper returns was imposed on the petitioner from the beginning and that what it complains of here is the tax commission's failure to draw attention earlier to the taxpayer's own delinquency. In fact, however, the letter of the tax commission of November 1934, stipulated in evidence, stated that the required forms "for listing and return of money and credits were mailed to you. The date set for filing of this listing and return has passed, and we have neither the return or request for an extension of time from you." The letter then goes on to say that the tax commission under the inquisitorial powers conferred on it by sections 2364 to 2370, inclusive, of the State statutes, was "making this investigation of money and credits for prior years."

The taxpayer must have a bold face, indeed, who in these circumstances can come before us and claim that it was ignorant of any liability to the state before 1936. The petitioner here may not intend to claim so much, but it insists on brief, as if that were in itself a valid reason, that "the county treasurer has no authority to receive or collect taxes before the tax lists are delivered to him; taxes are not due until such delivery and penalties accrue only after the delivery", citing *Nelson* v. *Becker*, 63 Minn. 61; 65 N. W. 119 (1895),

and *State* v. *Sage*, 75 Minn. 448; 78 N. W. 14 (1899). The first of these cases holds merely that the executor may not be held personally liable for a tax that has not been levied and ascertained before his discharge, and the second that penalties for unpaid taxes on omitted property will not accrue until they are placed on the regular tax list. But neither of these cases supports the petitioner's contention, for we are not concerned with the liability for taxes of a fiduciary as compared with the true party in interest or with the time when taxes are due and payable, but only with the time when the liability to pay them arises.

The question whether a taxpayer is liable for a state tax and hence has the right under the Federal tax statute to "accrue" its deduction is, as we have said, one of local law; and any doubt that the deduction is allowable under the Federal income tax act when and only when the liability for the tax sought to be deducted arises and not when it becomes due and payable was long since put to rest by the Supreme Court's decision in *United States* v. *Anderson*, 269 U. S. 422, where it was said:

> * * * In a technical legal sense it may be argued that a tax does not accrue until it has been assessed and becomes due; but it is also true that in advance of the assessment of a tax all the events may occur which fix the amount of the tax and determine the liability of the taxpayer to pay it.

Since the principle of law is now well settled, we think it unnecessary to discuss the various Board and lower court cases cited by the parties. (A recent case, *Floyd, Inc.*, 43 B. T. A. 101, collects the more recent authorities.) We, therefore, hold that the state taxes for the several years here were accrued and should have been deducted in the years in which the property was knowingly omitted by petitioner from its returns.

The remaining question is whether the petitioner may be allowed by way of recoupment against the respondent's deficiency for the year 1936 the amount of these state taxes which it can not now deduct from its Federal income tax for the years 1929 to 1933, inclusive. The statute of limitations has now run against adjustment of the tax for those years. The petitioner relies on *Bull* v. *United States*, 295 U. S. 247 (1935), and on the recent decision of the Circuit Court of Appeals for the Sixth Circuit in *Dixie Margarine Co.* v. *Commissioner*, 115 Fed. (2d) 445; and the decision of the U. S. District Court for the Northern District of New York in *Mills* v. *United States*, 35 Fed. Supp. 738. Respondent contends that in any event the matter of equitable recoupment for prior years lies beyond our jurisdiction, citing *Helmuth Heyl*, 34 B. T. A. 223, where we held that an overpayment for a year not before us could not be determined by us and applied as a credit against deficiencies which we had

sustained for years properly before us through appeal in ordinary course from them by the taxpayer, under the limited jurisdiction conferred on this Board by sections 272 (g) and 322 (d). In that case we said:

In *Bull* v. *United States, supra*, the Court recognizes that situations might arise wherein the sovereign would retain a tax, taken unjustly and in violation of its own statute, and in which Congressional action would be the taxpayer's sole avenue of redress. This is apparently such a situation.

While the equity of petitioner's contention appeals to us, we have no alternative but to construe the acts of Congress precisely as written. We have held that the year 1922 is not before us for any purpose, and any overpayment made for such year can not be used to reduce the deficiency for the years 1918 and 1921. It is stipulated that such deficiency is correct. It follows that it must be, and is, approved.

Clark, J., of the Third Circuit Court of Appeals, dissenting in the recent case of *Lyeth* v. *Hoey*, 112 Fed. (2d) 4, but on a point not here involved, made the following comment on *Heyl's* case, at page 10:

\* \* \* It is a matter of substance, to wit, what agency of government has the responsibility of passing on difficult questions of equitable recoupment beyond the fairly simple situations covered by section 322 (a). To date the principles of such recoupment have been only partially developed by the Supreme Court. It seems therefore that those are problems for the courts. Indeed, the Board of Tax Appeals has held that it has no authority to apply principles of recoupment, *Heyl's Appeal*, 34 B. T. A. 223, and this view, I take it, is supported by *United States ex rel. Girard Trust Co.* v. *Helvering*, 301 U. S. 540.

We hold, therefore, that we have no jurisdiction in the premises to allow recoupment.

*Judgment will be entered for the respondent.*