Jack A. Crawford and Anne S. Crawford v. Commissioner.
Crawford v. Commissioner
Docket Nos. 3061-65, 6521-66, 4777-67.
United States Tax Court
T.C. Memo 1969-182; 1969 Tax Ct. Memo LEXIS 114; 28 T.C.M. (CCH) 909; T.C.M. (RIA) 69182; September 4, 1969, Filed Arthur A. Armstrong, Suite 502 Rowan Bldg., 458 South Spring St., Los Angeles, Calif., for the petitioners. Allan D. Teplinsky, for the respondent. MULRONEY Memorandum Findings of Fact and Opinion MULRONEY, Judge: Respondent determined deficiencies in petitioners' income taxes in these consolidated cases for the years and in the amounts as follows: Dkt. No.
Year
Deficiency
3061-65
1960
$12,295.98
1961
1,728.51
1962
7,501.07
1963
6,552.35
6521-66
1964
5,626.50
4777-67
1965
When the cases were submitted the parties filed the following stipulation of facts in six numbered paragraphs: 1. Jack A. Crawford and Ann S. Crawford, petitioners, are individuals who resided at *116 367 North Las Palmas Avenue, Los Angeles, California, during the taxable years 1960 through 1965, and at the time of filing the petition herein. 2. Petitioners filed timely joint income tax returns for the calendar years 1960 through 1965 with the District Director of Internal Revenue, Los Angeles, California, copies of which are attached hereto and labeled Joint Exhibits 1-A through 6-F. 3. The parties agree that there are deficiencies in income taxes due for the following taxable years in the following amounts: Year
Amount
1960
$ 206.50
1962
66.00
1963
$6,552.35
1964
5,626.50
1965
4,440.66
4. The petitioners concede that the following adjustments 4. The petitioners concede that the following adjustments to the itemized deductions claimed by them on their 1961 income tax return are correct Deductionper return
Adjust-ment
Correc
Contributions
$ 500.00
$500.00
0
Taxes
4,685.16
480.00
$4,205.16
5. The respondent concedes that there is no deficiency in income tax due from the petitioners for the taxable year 1961, and the petitioners agree that there were no taxes paid for the taxable year 1961. 6. The respondent *117 agrees that the adjustments referred to in Paragraph 4 are the only ones for the taxable year 1961. The main issue in these cases involved claimed losses from the operation of a farm which petitioners claimed constituted a business and respondent determined was a hobby. By way of settlement of this issue the parties agreed that the expenses for the operation of the farm would be allowed for the years 1960, 1961, and 1962 and disallowed for the years 1963, 1964, and 1965. The above stipulation reflects this agreement and some other minor adjustments which were agreed to. For the year 1961 petitioners' farm losses exceeded their other income thereby producing a net operating 910 loss per section 172(c) [1] and a potential net operating loss carryback/carryover per section 172(b). After filing the above stipulation, agreeing as to the deficiencies for the years involved in these cases, petitioners filed an amendment to their petition alleging respondent erred in not allowing a refund for 1961 by reason of carryback of the loss of that year against their income for 1958. *118 The amendment alleged in part: (p) The period for making assessments for 1961 was not extended by agreement; during the period of three years following the filing of the 1961 return, the Internal Revenue Service processed an audit for that year; in July of 1964 the Service proposed a deficiency for 1961 in the amount of $1,728.51 and in March of 1965 it issued a statutory notice of deficiency in the same amount. In November 1967, following an oral understanding of settlement that the expenses and losses of the Ranch would be allowed for 1960-62 inclusive and disallowed for 1963-65 inclusive, the Service's Appellate Division issued its audit statement reflecting the result of the oral understanding for 1961, namely, a loss for that year of $11,465.90. Pursuant to the oral understanding, and with a view to establishing the amount of the refund consequent upon carrying back said loss from 1961 to 1958, petitioners on January 18, 1968 filed a claim for loss carryback refund. The Service has processed said claim in its Audit Division and Appellate Staff. It has indicated by 30-day letter dated July 22, 1968, and by statements in appellate conference, that the claim will be denied by the *119 Internal Revenue Service on the ground that it was untimely filed. The prayer of the petition was also amended to ask the Court to determine "that there is an overpayment for 1961 based on the carryback of loss from 1961 to 1958 and the reduction of the 1958 tax accordingly. [2]
Respondent filed a motion to strike the amendment on the ground that the Court lacked jurisdiction to allow a refund for 1961 by reason of a carryback of a loss of that year against the taxpayers' 1958 income. In support of his motion respondent alleged: 1. The respondent determined in the statutory *120 notice of deficiency dated March 24, 1965, upon which notice the above entitled case is based, that there are due from the petitioners deficiencies in income taxes for the taxable years 1960 through 1963. 2. No notice of deficiency authorized by sections 6211 and 6212 of the Internal Revenue Code of 1954 has been sent to the petitioners with respect to the taxable year 1958, which would give this Court jurisdiction to determine whether or not the tax for said year has been overpaid under the provisions of section 6214 of the Internal Revenue Code of 1954. 3. This Court lacks jurisdiction to grant the refund requested by the petitioners for the taxable year 1961 since such a determination is dependent on this Court finding an overpayment for the taxable year 1958 as a result of the petitioners' 1961 net operating loss carryback. 4. There is no provision of the 1954 Internal Revenue Code under which this Court can grant a refund as a result of a net operating loss carryback in any year other than the year to which the loss is carried back. This Court, therefore, pursuant to section 7442 of the Internal Revenue Code *121 of 1954 lacks jurisdiction to grant the petitioners a refund for the taxable year 1961 for a net operating loss carryback in the year 1958. 5. There is no deficiency for the taxable year 1961, nor were there any taxes paid for the taxable year 1961 by the petitioners. * * * This Court, therefore, lacks jurisdiction per section 6511 of the Internal Revenue Code of 1954 to grant a refund for said taxable year. The parties are agreed that the only issue to be decided is whether this Court has jurisdiction to determine an overpayment of income tax resulting from a carryback of loss from 1961, which year is before the Court on a petition to redetermine a deficiency, to the year 1958 as to which no statutory notice has been issued. Since this issue arises on a motion to strike on the 911 ground of lack of jurisdiction to entertain the subject matter of the amended petition, the allegations of the amendment will be accepted as fact for the purpose of the issue. Opinion and Ruling on Motion to Dismiss Amendment The specific issue raised by petitioner's amendment and respondent's motion to strike is whether this Court has jurisdiction to allow petitioners *122 a refund for 1961 by reason of a carryback of the loss of that year against their income for 1958. The answer is that this Court has no jurisdiction to allow such a refund. There was no deficiency determined by the Commissioner nor notice mailed to petitioners covering the year 1958. Section 6214 gives the Tax Court jurisdiction to redetermine the correct amount of a deficiency, notice of which has been mailed to the taxpayer covering a certain year. But section 6214(b) provides that "[the] Tax Court in redetermining a deficiency of income tax for any taxable year * * * shall consider such facts with relation to the taxes for other years as may be necessary correctly to redetermine the amount of such deficiency, but in so doing shall have no jurisdiction to determine whether or not the tax for any other year has been overpaid or underpaid." Petitioners are in effect requesting this Court to find an overpayment in 1958 and a refund in 1961 for this alleged overpayment. But this Court has no jurisdiction to find any overpayment for the year 1958. Section 6512(b)(1) [3] gives this Court jurisdiction to find a deficiency or an overpayment only in those years for which the Commissioner *123 has determined a deficiency and mailed a notice thereof to the taxpayer. In Commissioner v. Gooch Milling & Elevator Co., 320 U.S. 418 (1943), much the same contention as is here made was advanced by the taxpayer. There the Commissioner determined a deficiency for 1936 based on an inventory correction. This correction resulted in a deficiency for 1936 but it also disclosed an overpayment for 1935. *124 It was held the Board of Tax Appeals had no jurisdiction to make a determination that there was an overpayment for 1935 and apply it as an offset to the 1936 deficiency, the opinion stating: The Board is confined to a determination of the amount of deficiency or overpayment for the particular tax year as to which the Commissioner determines a deficiency and as to which the taxpayer seeks a review of the deficiency assessment. Petitioners' amendment and argument state there was some "oral understanding" that they were to receive the alleged refund and it would be unjust to deny it in this action for it has been indicated to them that their claim for refund filed January 18, 1968 (based on the loss carryback of 1961 to 1958) will be denied on the ground that it was untimely filed. But the issue is jurisdictional. Respondent denies the so-called "oral understanding" but if it existed it would not confer jurisdiction on this Court to determine the alleged overpayment. And the same is true with respect to the denial of a refund on the ground that it was or would be untimely filed. That fact does not give us jurisdiction to act with respect to a year that is not before us by virtue of *125 a determined deficiency and proper notice. In Commissioner v. Gooch Milling & Elevator Co., supra, the same argument that the prior overpayment could no longer be refunded was made and the Court held that the fact was immaterial. In Robert G. Elbert, 2 T.C. 892 (1943) at page 894 we said: In many cases, among the later ones being Helmuth Heyl, 34 B.T.A. 223, and Red Wing Potteries, Inc. [Dec. 11,695], 43 B.T.A. 841, 845, we have held, broadly, * * * that we have no jurisdiction to allow recoupment, against a determined deficiency, for taxes overpaid or erroneously paid in years prior to the year for which the deficiency is determined * * *. We hold this Court lacks jurisdiction to allow any refund for the year 1961 based on the carryback of the loss of that year 912 against the 1958 income. This means respondent's motion to strike petitioners' amendment is sustained. Decisions will be entered in these consolidated cases for the years 1960 through 1965, inclusive, in accordance with the stipulation, to wit: for petitioners, that there is no deficiency for the year 1961, and for respondent that there are deficiencies *126 for the other years as follows: 02,06,12
Year
Deficiency
1960
$ 206.50
1962
66.00
1963
6,552.35
1964
5,626.50
1965
4,440.66
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted.↩
2. Petitioners' computation attached as an exhibit to his amendment is as follows: 1958
Taxable ordinary income per re- turn, Schedule D
$61,985.15
Less net operating loss carryback from above (9,283.30)
Revised taxable ordinary income
$52,701.85
Tax on revised ordinary income
21,915.15
Tax on ordinary income per Schedule D, line 15 27,670.79
Refundable overpayment
$ 5,755.64 Years prior to 1958 involved no losses carryable to 1958. The years 1959 and 1960 involved no losses, carryable backward or forward. The return for the year 1958 was not disturbed by federal audit.↩
3. SEC. 6512. LIMITATIONS IN CASE OF PETITION TO TAX COURT. * * * (b) Overpayment Determined by Tax Court. - (1) Jurisdiction to determine. - If the Tax Court finds that there is no deficiency and further finds that the taxpayer has made an overpayment of income tax for the same taxable year, of gift tax for the same calendar year, or of estate tax in respect of the taxable estate of the same decedent, in respect of which the Secretary or his delegate determined the deficiency, or finds that there is a deficiency but that the taxpayer has made an overpayment of such tax, the Tax Court shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Tax Court has become final, be credited or refunded to the taxpayer.↩