[No. 1308.   Decided July 9, 1894.]

CHARLES H. HOWARD, *Guardian, Respondent,* v. M. S. McNAUGHT *et al., Appellants.*

MERGER — JUDGMENT OF FORECLOSURE WITHOUT PERSONAL SERVICE — ACTION FOR BALANCE OF MORTGAGE DEBT — EVIDENCE.

A judgment of foreclosure of a real estate mortgage, made without personal service upon the mortgagor, will not operate as a merger of the original cause of action when the full amount of the indebtedness secured is not realized from a sale of the mortgaged premises, and a personal action may be maintained to recover the balance due.

In an action to recover a balance due over and above the amount realized from the foreclosure sale of mortgaged premises, evidence of the value of the land is immaterial, in the absence of an allegation of fraud by reason of which the land had been sold for less than its value.

*Appeal from Superior Court, Skagit County.*

*D. M. Woodbury,* and *Wells & Joiner,* for appellants.

*Million & Houser,* for respondent.

The opinion of the court was delivered by

HOYT, J.— This action was brought to recover an amount alleged to be due upon a certain bond. The appellants claimed there was nothing due thereon, for the reason that the debt evidenced by it had been reduced to

judgment in the district court of Harper county, Kansas. It appeared that there had been a foreclosure of a real estate mortgage, which had been given to secure the payment of the bond in question, and that certain moneys had been realized upon a sale of the mortgaged property, and applied upon the amount due upon the bond, leaving a balance of $756, for which this action was brought. It further appeared that in such foreclosure suit there was no personal service upon the appellants, that they were nonresidents of the state, and never appeared therein.

The alleged errors of the trial court are argued under several heads, but the material question involved in the entire discussion is as to whether or not, under the circumstances above stated, there was such a merger of the original cause of action that no suit could be maintained thereon here. If there was such a merger, then the rulings of the trial court were clearly erroneous, and the judgment should be reversed. If there was no such merger then the judgment should be affirmed. That a cause of action is merged in a judgment rendered thereon may be stated as a general rule, and it is because of this rule, and of the fact that it is applied as well in the case of foreign as domestic judgments, that the appellants contend that this action could not be maintained. But to this general rule there are well recognized exceptions or limitations, and one of these is that it is a merger only so far as the judgment determined, or might have determined, the rights of the parties. From which it will follow that the judgment in the state of Kansas was only a merger of the cause of action upon the bond so far as the enforcement thereof against the real estate was concerned. The judgment was only binding to that extent and had no force against the appellants personally or their property not covered by said mortgage. The rights of the appellants to make any defense that they might have to said bond

were in no manner concluded by such judgment. Hence, under the exception or limitation above stated, there was no merger of the right to maintain a personal action against these defendants upon the original undertaking. See 15 Am. & Eng. Enc. Law, p. 340, § C; *McVicker v. Beedy*, 31 Me. 314; *Middlesex Bank v. Butman*, 29 Me. 19. Of course the amount of the bond could be collected but once, and to the extent that money was realized in the proceeding in Kansas it would constitute a payment of the undertaking, and only the balance could be recovered here, and that is all that was sought in this action.

The appellants attempted to prove the value of the land against which the foreclosure proceedings were had, and alleged error because they were not allowed to do so, but in the absence of an allegation of fraud by reason of which the land had been sold for less than its value, it was immaterial whether it was worth more or less than the amount obtained for it.

The judgment will be affirmed.

DUNBAR, C. J., and SCOTT, ANDERS and STILES, JJ., concur.