## RANDERSON et al. v. McKAY.

No. 9614—Opinion Filed March 2, 1920.

(Syllabus by the Court.)

1. **Judgment—Foreclosure of Mortgage in Another State as Bar to Action on Notes in Oklahoma.**

The foreclosure of a mortgage on lands situated in another state, given to secure certain notes, is not a bar to an action brought by the holder of such notes in this state, where the makers of such notes as defendants in the foreclosure action were nonresidents of the state where such foreclosure action was brought, and were not served with personal service nor appeared in such action, since no personal judgment was rendered against them.

2. **Same—Merger of Causes of Action.**

A judgment foreclosing a mortgage on lands situated in another state, where the maker of such mortgage was a nonresident of such state and did not appear, and no personal judgment was rendered on the notes secured by said mortgage, is not a merger of the notes as a cause of action, and a subsequent action brought to recover upon said notes may be maintained in the state of the makers' residence.

Error from District Court, Oklahoma County; John W. Hayson, Judge.

Action by R. H. McKay against Roy S. Randerson and another. Judgment for plaintiff, and defendants bring error. Affirmed.

Warren K. Snyder, for plaintiffs in error.

Everest, Vaught & Brewer, for defendant in error.

BAILEY, J. This is an appeal from a judgment of the district court of Oklahoma county, in favor of defendant in error and against plaintiffs in error; this action having been commenced on the first day of May, 1916, by defendant in error to recover upon three certain promissory notes in the aggre-

gate sum of $1,070. It is admitted that said notes were made and executed by plaintiffs in error, and these further facts are presented by the record: That on the 26th day of September, 1914, plaintiffs in error made, executed, and delivered to the defendant in error the notes upon which suit is here brought; said notes being secured by a second mortgage on certain property located in Wyandotte county, Kansas; that thereafter suit was instituted in the district court of Wyandotte county, Kansas, by Henry Ritter, the owner and holder of the notes secured by the first mortgage on said property, for a foreclosure of the first mortgage, and these plaintiffs in error and defendant in error, together with other parties, were made defendants; that thereafter, defendant in error, R. H. McKay, answered in said cause in the district court of Wyandotte county, and by way of cross-petition, alleged the execution, delivery, and ownership of the said second mortgage executed by these plaintiffs in error, and prayed that his mortgage be foreclosed subject to said first mortgage. No personal appearance was made by plaintiffs in error, but service was had by publication notice. After due hearing of said cause in the district court of Wyandotte county, judgment was rendered for plaintiff, Henry Ritter, and decree entered foreclosing the mortgage held by him; the judgment further reciting:

"That it is further ordered, adjudged, and decreed that the defendant, R. H. McKay is entitled to have the mortgage given to him foreclosed, and the same is hereby foreclosed.

"And it is further considered, ordered, adjudged, and decreed that the lien created by said R. H. McKay is second and inferior to the mortgage and lien of the plaintiff, but is superior to any estate in, claim to, or lien upon said property as to all of the other parties to this action."

And after providing for the disposition of the proceeds of the property, said judgment further provides:

"That the remaining proceeds, if any, sha'l be applied to the payment of the judgment herein rendered in favor of the said R. H. McKay."

The property mortgaged was thereafter sold and the sale duly confirmed, defendant in error receiving nothing, the entire amount received for the property being necessary to liquidate the judgment of Henry A. Ritter and to pay the costs accrued in said cause and certain taxes due on said mortgaged lands. The various pleadings and the judgment and decree in the case of Ritter v. McKay et al. in the district court of Wyandotte county were duly pleaded and proven.

It is first contended by the plaintiffs in error that defendant in error had no right, after appearing in the Kansas court in the manner hereinabove described, to sue on said notes in Oklahoma, for the reason that said notes and all rights accruing thereunder were merged in the judgment rendered in the Kansas court. It is undoubtedly true as a general rule that where a debt is sued for, a final judgment merges the cause of action into the judgment from its date, and the old debt ceases to exist, and the new or judgment debt takes its place (15 R. C. L., page 786); but to this general rule there are certain well-recognized exceptions. To effectuate such a merger, the judgment rendered must be a valid and subsisting one, and such a judgment as can be enforced.

As noted above, plaintiffs in error were served only by constructive process. No personal judgment was rendered against them, nor indeed could any personal judgment have been rendered against them. The judgment rendered by the Kansas court affected only the property located in that state, and no suit could be maintained on such judgment against plaintiffs in error here in the courts of this state. In the case of Pennoyer v. Neff, 95 U. S. 714, Mr. Justice Fields, speaking for the court, says:

"In all the cases brought in the state and federal courts, where attempts have been made under the act of congress to give effect in one state to personal judgment rendered in another state against nonresidents, without service upon them, or upon substituted service by publication, or in some other form, it has been held without an exception, so far as we are aware, that such judgments were without any binding force except as to property, or interests in property, within the state, to reach and effect which was the object of the action in which the judgment was rendered, and which property was brought under the control of the court in connection with the process against the person. The proceeding in such cases, though in the form of a personal action, has been uniformly treated, where service was not obtained and the party did not voluntarily appear, as effectual and binding merely as a proceeding in rem, and as having no operation beyond the disposition of the property, or some interest therein. And the reason assigned for this conclusion has been that the tribunals of one state have no jurisdiction over persons beyond its limits, and can inquire only into their obligations to its citizens when exercising its conceded jurisdiction over their property within its limits." Cooper v. Reynolds, 10 Wall. 308; Brooklyn v. Insurance Co., 99 U. S. 370; Empire v. Darlington, 101 U. S. 92; St. Clair v. Cox, 106 U. S. 350.

And in Bizzell v. Briggs, 9 Mass. 469, 6 Am. Dec. 88, Parsons, C. J., says:

"If, however, these goods, effects, and credits are insufficient to satisfy the judgment, and the creditor should sue an action on that judgment in this state to obtain satisfaction, he must fail; because the defendant was not personally amenable to the jurisdiction of the court rendering the judgment."

Nor do we think there was any attempt to enter a personal judgment. In Cackley v. Smith, 47 Kan. 642, the Supreme Court of Kansas cites with approval the case of Conn v. Rhoades, 26 Ohio St. 645, which was an action to foreclose a judgment with a prayer for a personal judgment. When on default of an answer the court entered a decree for the sale of the mortgaged premises, but rendered no personal judgment, the court there held:

"Where the record in such case showed that the court, on hearing of the cause, 'considered that the plaintiff ought to recover' a specific amount, and ordered the sale of the mortgaged premises for its satisfaction, held, that the record shows no personal judgment against the defendant, but a mere finding of the amount due, with an order of sale."

And the Supreme Court of Kansas, in Cackley v. Smith, supra, held.

"An action instituted in another state to have certain conveyances set aside and subject the property described therein to the payment of the plaintiff's judgment and the claims of all other creditors who might come and set up their demands, is not a bar to an action brought by one of such creditors in this state upon a promissory note owned by him, notwithstanding the fact that he appeared in the former action, filed a cross-petition, and obtained a finding from the court of the amount due him upon his note, but did not obtain a personal judgment against the defendant in that action, nor receive anything from the sale of the property affected by such proceeding. To constitute a merger, there must be a valid and subsisting judgment rendered on the cause of action."

There being no attempt to render a personal judgment by the Kansas courts, but only such judgment as provided for the disposition of the property in the jurisdiction of that court, and no rights having been determined affecting the debt here sued for, it follows that such debt here represented by said notes was not merged in the Kansas judgment. For similar reasons we can not agree with the contention that an action may not be maintained on such notes here. In the case of Howard v. McNaught et al., 37 Pac. 455, the Supreme Court of Washington held:

"The foreclosure of a mortgage on lands situated in another state to secure a bond is no bar to an action on the bond where

the defendants in the foreclosure action were nonresidents of the state where the action was brought, and were not served with notice, since no personal judgment was rendered against them." 15 Am. & Eng. Enc. Law (1st Ed.) 340; Bank v. Butman, 29 Me. 19. 23 Cyc., page 1195; Bloomberg v. Birch, 99 Cal. 416.

In the case of Smith v. Moore, 112 Iowa, 60, 83 N. W. 813, it is said:

"A judgment rendered on a note in a suit in rem to foreclose a mortgage securing the same, where the maker was a nonresident of the state, and did not appear, is not a merger of the note as a cause of action, and a subsequent action brought to recover the unpaid balance due thereon in the state of the maker's residence must be upon the note, and not on the judgment."

The judgment rendered by the Kansas court controlled and affected only the property located in that state and described in the mortgage. Plaintiffs in error were not precluded by such judgment from making such defenses as they might have to said notes when sued here, hence there was no merger of the right to maintain a personal action against said plaintiffs in error in this state.

It is next contended that the district court of Wyandotte county had no jurisdiction or authority to confirm the sale of the property foreclosed on in that county, which order of sale provided for the payment of certain accrued taxes, for the reason that nowhere in the petition of plaintiff, Ritter, or the cross-petition of defendant in error, as filed in the Kansas court, was there any request or prayer that such taxes be paid; it being contended that the sums so paid for said taxes should have been applied to the debt as represented by the notes as sued on and as secured by the second mortgage held by the defendant in error. But there was pleaded and properly proven the statutes of Kansas, which provide as follows:

"Section 9332, Laws 1909: Where any real estate shall be bought at judicial sale the court shall order all taxes and penalties thereon against said lands to be discharged out of the proceeds of such sale."

The construction of this statute by the Supreme Court of the state of Kansas, in the case of Ekblad v. Hanson, 85 Kan. 541, 117 Pac. 1028, we think, disposes of this contention. The court there held:

"It is the duty of the court to require taxes due on land sold at foreclosure sale to be paid out of the proceeds of the sale, although no provision to that effect was inserted in the judgment. * * * The statute requires the court to order taxes to be paid out of the proceeds of a judicial sale. The requirement is made for the benefit of the public treasury, and not for the benefit of inter-

ested persons. The statute not having designated when the order shall be made, power to make it exists as long as one court has control over the proceeds of sale. All persons are bound to know that the law makes the lien for taxes superior to all others, without a judgment to that effect, and makes it the duty of the court to apply the proceeds of same to the satisfaction of such lien."

We therefore hold that the court was authorized to enter judgment directing the payment of taxes.

The judgment appealed from is affirmed.

OWEN, C. J., and PITCHFORD, HIGGINS, and McNEILL, JJ., concur.