**THOMAS et al. v. DEMING INVESTMENT CO.**

No. 13498—Opinion Filed March 25, 1924.

Rehearing Denied Dec. 31, 1924.

**1. Judgment — Action to Vacate — Insufficiency of Petition.**

Where an action is brought to vacate a judgment on the ground that the same is void on the face of the record, and the petition fails to state sufficent facts to show that the judgment is void on the face of the record, it is not error to sustain a general demurrer to the same.

**2. Same.**

Record examined, and held. the petition not sufficient to show the judgment complained of void on the face of record, and the demurrer was good.

**3. Taxation — Recording Tax on Mortgages —Compliance Optional.**

Under section 9589, Comp. Stats. 1921, the holders of mortgages made and recorded prior to July 1, 1913, were given the right to choose to comply with the conditions of the act and pay the recording tax, and thereby escape the burden of the ad valorem tax, but the right is optional and not compulsory.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action by C. W. Thomas et al. against Deming Investment Company. Judgment for defendant, and plaintiffs bring error. Affirmed.

R. Brett and Eddleman & Sneed, for plaintiffs in error.

J. C. Counts and Cruce & Potter, for defendant in error.

Opinion by THREADGILL, C. This is an appeal by plaintiffs in error, plaintiffs below, from an order of the district court of Carter county, sustaining a demurrer to the petition to vacate an order and judgment foreclosing a real estate mortgage, dated December 24, 1918. For convenience the parties will be referred to as they appeared in the trial court. The petition alleged, in substance, that the plaintiffs were citizens of Carter county, and defendant a corporation organized under the laws of Kansas; that on December 8, 1916, the defendant, Deming Investment Company, as plaintiff, brought suit against C. W. Thomas and Minnie G. Thomas, and on December 24, 1918, obtained judgment foreclosing a real estate mortgage in Carter county. The petition and exhibits of the Deming Investment Company and copy of judgment in that action were made a part of the petition; that the mortgage and note were originally payable to the Prudential Investment Company of America and on October 19, 1916, assigned with the note to the Deming Investment Company, and after maturity; that the mortgage was recorded in Carter county, prior to 1913; that said judgment was absolutely null and void and of no effect and should be cancelled for the following reasons: Chapter 246, Session Laws 1913, as amended by chapter 105, Session Laws 1915, requires a registration tax to be paid as a condition precedent to an action on such

mortgage as set out and stated in sections 3 and 8 of chapter 246, Session Laws 1913, being sections 9587 and 9592, Comp. Stat. 1921; that said provisions of the statutes were not complied with by the Deming Investment Company before its action to foreclose said mortgage; that a receiver was appointed in the progress of said action and the sum of about $5,000 was collected and disbursed by the said receiver; that the plaintiffs are entitled to the said sum for which they ask judgment, and for the cancellation of the order and judgment foreclosing the said mortgage.

The defendant, the Deming Investment Company, filed a demurrer to this petition which was as follows:

(1) "That said petition does not state facts sufficient to constitute a cause of action in favor of said petitioners and against this plaintiff. (2) That the petition shows on its face that the alleged cause of action to vacate and set aside judgment is barred by the statute of limitations in such cases made and provided."

The court sustained the demurrer and the plaintiffs refusing to plead further the court dismissed the action. The plaintiffs excepted, and bring the case here by petition in error and case-made urging two propositions.

(1) "Was it incumbent upon the Prudential Insurance Company to comply with the provisions of chapter 246, Session Laws of Oklahoma, 1913, by paying the tax therein provided?

(2) "Was it incumbent upon the Deming Investment Company to pay the tax upon its assignment, made in October, 1916, as required by said chapter 246 of the Session Laws of Oklahoma, 1913, as amended by chapter 105, Session Laws of Oklahoma, 1915."

1. We do not think the determination of this case is dependent upon the answer of these questions, however interesting they may seem to be.

From the nature of defendant's demurrer it challenges, first, the sufficiency of the petition to state a cause of action. The petition has for its object to set aside a judgment rendered December 24, 1918.

Section 810, Comp. Stat. 1921, provides the methods to vacate or modify judgments of courts of record.

The third paragraph applies to mistakes, neglects, or omissions of the clerk or irregularity in vacating the judgment and order. The petition does not plead any matter under this paragraph in the procedure, the other paragraphs of the section, commencing with 4 and ending with 9. Section 812 provides for verified petition setting forth the judg-

ment or order, the grounds to vacate or modify it, and the defense to the action, if the party applying was defendant, and for summons to be issued and served as in the commencement of an action, and we think the petition is in substantial compliance with this section in the matter of form and procedure. The ground as stated for vacating the judgment is that the defendant failed to comply with article 2, chapter 84, Comp. Stat. 1921, in the matter of paying the registration tax on the real estate mortgage, which was made and placed of record prior to the passage of the act of 1913, and it is contended that the judgment is void and of no force and effect under section 9592, Comp. Stat. 1921.

There is no effort to state any of the grounds laid down in section 810; instead the petition pleads that the judgment was void, and invokes the procedure provided for in section 817 of the same act. The form of the petition is under section 810, and the substance under section 817. If plaintiff had relied on any of the causes under this first section the action would have been barred by the last section which provides limitations, but relying upon a void judgment, limitation does not apply to proceedings under this last section. The form of the action under section 817 should be by motion, and, in this case, we will consider the petition as a motion to set aside a void judgment. We do not know of any provision for a demurrer to a motion but since the parties have treated the pleadings as a petition and demurrer thereto we will do the same.

Now, as to whether or not the first ground of the demurrer should have been sustained depends upon whether or not the petition stated facts sufficient to show that the judgment foreclosing the mortgage was void upon the face of the record. Edwards v. Smith et al., 42 Okla. 544, 142 Pac. 302; Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681; Munch v. McLarin, 9 Wash. 676, 38 Pac. 205; Meisenheimer v. Meisenheimer, 55 Wash. 32, 104 Pac. 159.

These cases support the well-established rule that:

"A judgment is not void unless its invalidity appears on the record, and an erroneous determination of a fact properly submitted does not render it void."

2. An examination of the record discloses that the petition in the foreclosure suit was in the usual form of such petitions with note and mortgage attached showing by endorsement words of assignments, also copy of written assignment of the Prudential Insurance Company of America to the Deming Investment Company, and judgment of foreclosure, showing that all plaintiffs were present and

consented to the judgment, except the minors, for whom a general denial was filed, and there is no question of irregularity or fraud in the record, and no objections to the action for failure to comply with the Recording Tax Act, and it cannot be said that the judgment is void on the face of the record, and the court was correct in sustaining the demurrer.

3. We have read with great interest the discussion in the briefs of the parties as to the construction and application of the mortgage registration tax act to mortgages on record prior to July 1, 1913, and we do not think it is necessary to follow the details of their discussion in this opinion. We cannot agree with the contention of plaintiffs in error that section 9589, Comp. Stat. 1921, makes it compulsory for the owner and holder of the mortgage made and recorded prior to July 1, 1913, as provided in said act, to pay the recording tax and otherwise comply with the provisions of said act. It is conceded that such mortgages were subject to the ad valorem tax, and it is plain that it was the intention of the Legislature to provide a method by which the holder of such mortgages could escape the ad valorem tax by paying the registration tax, the latter being much less burdensome than the former, but the charge was optional. The language is plain. There is nothing ambiguous or of doubtful meaning. It states:

"Whenever any mortgage has been recorded prior to July 1, 1913, the record owner thereof may file with the county treasurer of the county or of any county, in which said real property or any part thereof on which said mortgage is a lien, is situated, a written statement under oath, verified by the record owner or the agent or officer of such record owner, describing such mortgage by giving the date of the same and the book and page of the record thereof, together with names of the parties thereto, and specifying the amount then remaining unpaid on the debt or obligation secured thereby, and electing that it shall become subject to the tax prescribed by this article, said indebtedness shall thereby be exempt from any and all other forms of taxation in the same manner and to the same effect as mortgages on which the recording tax has been paid on or after July 1, 1913, by the payment of the tax hereby provided on the unpaid portion of said indebtedness."

This act did not repeal the ad valorem tax and is not in conflict with it but provided a method by which the taxpayer could escape the burden of the ad valorem tax by paying the registration tax, in compliance with the provisions of the act; and it follows that if the holders of such securities did not choose to accept and follow the new method they were not bound by any of its provisions but were left subject to the ad valorem tax and with all their rights unaffected by the registration act. The language is so plain that we do not see the necessity of calling for assistance from the various rules and aids of construction to understand and apply the same. We think the court was right in sustaining the demurrer to the petition, and we, therefore, recommend that the order and judgment of the court be affirmed.

By the Court: It is so ordered.