[Civil No. 2524. Filed December 20, 1926.]

[251 Pac. 445.]

S. T. NEELY, Appellant, v. EDWARD MILLER and JAMES MILLER, Appellees.

Mr. Harold Baxter and Mr. W. W. Carpenter, Jr., for Appellant.

Mr. Earl Anderson, for Appellees.

LOCKWOOD, J.—S. T. Neely, hereinafter called appellant, gave five vendor's lien notes, aggregating $4,580 and covering certain real property in Ward county, Texas, to Clyde M. Black. These notes were by Black assigned to Edward Miller and James Miller, whom we will hereafter call appellees. The notes not having been paid when due, appellees brought suit thereon in the state of Texas to foreclose the vendor's lien, making both Black and Neely parties thereto. Personal service was had upon Black in Texas, but appellant, who at that time resided in Maricopa county, Arizona, was served by publication in Texas, by registered mail in Arizona, and by a constable in Maricopa county personally. Appellant did not appear in the action in Texas in any manner whatsoever, but the court appointed an attorney *ad litem* to represent him, and, after trial of the action, judgment was entered against Black and appellant in favor of appellees in the sum of $5,420.96 for principal, interest and attorney's fees. This judg-

ment also foreclosed the vendor's lien and directed that the real property be sold to satisfy the judgment. The sale was duly made, and the property struck off to appellees for $1,000, and a deed in their favor duly executed by the sheriff.

Thereafter appellees filed a complaint against appellant in the superior court of Maricopa county to recover upon the same five notes. There were various complaints, demurrers and motions to make more definite and certain, but the matter finally went to trial on a complaint which simply set up the notes and alleged the first had been paid and the other four were due, and a plea in bar admitting the execution of the notes, but denying that appellees had been the holders thereof since the rendition of the judgment in Texas, and setting up the Texas proceedings.

The matter was presented to a jury, and the facts above set forth appeared. Thereupon, on motion duly made, the court instructed a verdict in favor of appellees in the sum of $4,477.84, being the amount still unpaid on the notes in accordance with their terms, less the $1,000 recovered by appellees in Texas.

There are some twelve assignments of errors which set up in effect but two questions of law. The first is that the court should have sustained the demurrer to the complaint on which the case went to trial. We think there was no error in this ruling. That particular complaint set up the notes and their assignment, and alleged all but the first were due and unpaid. It was therefore good as against a general demurrer.

The other question is more serious. The position of appellant, briefly stated, is this: Appellees brought their suit in Texas on the notes and for foreclosure of their vendor's lien, and recovered judgment therein. That judgment is still outstanding in the state of Texas, and appellees are no longer entitled

to sue upon the notes, since they are extinguished by and merged in the judgment. It is the contention of appellees, however, that, while this might be true if Neely had been served personally, as the service on him was constructive only, the judgment, so far as he was concerned, was only effectual to extinguish his rights in the land in Texas, and, as that admittedly did not sell for enough to pay for the debt, the notes are still an obligation against him, and may be enforced by appropriate action in Arizona.

This general situation has been repeatedly before the courts of many different states. We are of the opinion the great weight of authority is to the effect that, in the absence of some special statute which would make the rule otherwise, the general principle is well stated as follows:

"Where the proceeds of a foreclosure sale are not sufficient to satisfy the mortgage debt, and plaintiff did not recover a deficiency judgment in the foreclosure suit, or was prevented from doing so by want of authority in the court to grant it, *want of jurisdiction over defendant,* or other cause, he may thereafter maintain an action at law against the person liable for such deficiency, basing his action either *on the note or bond secured by the mortgage* or on the foreclosure judgment or simply on the indebtedness arising from the foreclosure and the failure of its proceeds to extinguish the original debt or claim." (Italics ours.) 27 Cyc. 1758; *Middleton* v. *Nibling* (Tex. Civ. App.), 142 S. W. 968; *Blumberg* v. *Birch,* 99 Cal. 416, 34 Pac. 102, 37 Am. St. Rep. 67; *Boucofski* v. *Jacobsen,* 36 Utah, 165, 104 Pac. 117, 26 L. R. A. (N. S.) 898; *Craig* v. *Burns,* 65 Mont. 550, 212 Pac. 856; *Randerson* v. *McKay,* 77 Okl. 238, 188 Pac. 323, 42 A. L. R. 464; *Howard* v. *McNaught,* 9 Wash. 355, 37 Pac. 455, 43 Am. St. Rep. 837.

Indeed, appellant does not seriously dispute this general principle, but contends it is not applicable in this jurisdiction, for the reason that paragraph

4115, Revised Statutes of Arizona of 1913, Civil Code, reads as follows:

"If separate actions are brought on the debt and to foreclose the mortgage given to secure it, the plaintiff must elect which to prosecute. The other will be discontinued at his cost."

He urges, since appellees elected to bring suit to foreclose the vendor's lien, which of course is in effect a mortgage, they cannot now sue on the note.

If this statute applies to extraterritorial actions, the point is well taken. We are of the opinion, however, that the statute was meant to apply only when either action might be brought in the local courts. This is but reasonable. If the parties and the land are all within the jurisdiction of the Arizona courts, the plaintiff may then choose his remedy freely and with full right to pursue either one to an efficient result. When, however, the only place where one of the options, to wit, the foreclosure suit, may be exercised, is in another state, it would seem to us rather unreasonable to hold the statute covered such a situation, and that our legislature was attempting in effect to regulate the practice of a sister state. *Felton* v. *West,* 102 Cal. 266, 36 Pac. 676; *Belmont* v. *Cornen,* 48 Conn. 338; *New York Life Ins. Co.* v. *Aitkin,* 125 N. Y. 660, 26 N. E. 732.

We conclude that section 4115, *supra,* applies only where the Arizona courts have jurisdiction both of the person of the defendant and of the property to be foreclosed, and that the case of *Lewis* v. *Hornback,* 28 Ariz. 546, 237 Pac. 952, is not in point.

Such being the law, we think the general rule above laid down is applicable, and the judgment of the trial court is affirmed.

McALISTER, C. J., and ROSS, J., concur.