**MILBOURN, Adm'r, v. STATE.**

No. 22200.    May 1, 1934.

J. G. Austin, for plaintiff in error.

Perry Porter, County Atty., and Joe W. Howard, Asst. Co. Atty., for defendant in error.

PER CURIAM. This is an appeal from the judgment of the county court of Ottawa county, placing upon the tax rolls, as omitted property, a certain certificate of de-

posit in the sum of $2,633.70, for the year 1924, and a certain judgment in the sum of $12,000 for the year 1925. The proceedings were commenced by the tax ferret.

1. It is contended that the proceedings were not properly commenced for the reason that the administrator had, prior to the time the notice by the county treasurer was served upon him, filed his final account and distributed the estate. He had not been finally discharged, and the case was left open so that he could release mortgages and transact other business for the estate.

The question as to how the tax will be collected is not for decision. The only question necessary to decide is whether the notice could properly be served upon the administrator so as to confer jurisdiction on the county treasurer to extend the alleged omitted property on the tax rolls, and this question is answered in the affirmative. Gamble v. Patrick, 22 Okla. 915, 99 P. 640; Van Hoozer v. Myers, 98 Okla. 248, 224 P. 977.

2. The judgment sought to be placed upon the tax rolls was rendered in October, 1924, and was for the foreclosure of a mortgage on real estate. The mortgage was for a term of five years, and the registration tax for the full term of five years was paid in July, 1920, which paid the tax on the mortgage until July, 1925. The mortgagor breached the terms of the mortgage, and, under the acceleration clause, suit was filed and judgment was rendered before the five-year term had expired.

The state argues that the rule that statutes exempting property from taxation are to be strictly construed, should be applied in this case, and that the effect of the judgment was to extinguish the mortgage and merge it in the judgment, thereby converting it from an unliquidated into a liquidated claim.

The purpose of the law imposing a tax on real estate mortgages (section 12351 to 12362, O. S. 1931) is to levy a registration tax in lieu of an ad valorem tax upon such obligations, and not to exempt them from taxation. Trustees, etc., v. Hooten, 53 Okla. 530, 157 P. 293; Thomas v. Deming Investment Co., 105 Okla. 187, 232 P. 111; In re Oklahoma National Life Insurance Co., 68 Okla. 219, 173 P. 376. Section 12352, O. S. 1931, reads in part as follows:

"All mortgages of real property situated within this state which are taxed by this article, and the debts and obligations which they secure, together with the paper writings evincing the same, shall be exempt from ad valorem and all other taxation by the state, counties, towns, cities, villages, school districts and other local subdivisions of the state. * * *"

The rule of merger will not be applied so as to deprive the judgment creditor of any privileges or exemptions which he is entitled to under the contract sued on. 35 C. J. 755; 15 R. C. L. 788. In section 550 of Freeman on Judgments (5th Ed.), it is said:

"The doctrine of merger is calculated to promote justice and will be carried no further than the ends of justice require. The judgment does not annihilate the debt. The essential nature of the cause of action remains the same. The law of merger does not forbid all inquiry into the nature of the cause of action. If the prevailing party was entitled to certain privileges, or exemptions from certain burdens, under his contract, he may be entitled to the same privileges and exemptions under his judgment. Whenever justice requires it, the judgment will generally be construed not as a new debt but as an old debt in a new form. Thus it is proper to go behind the judgment to show that the debt was contracted prior to the enactment of an exemption statute and that the judgment is therefore not subject to its terms."

The effect of the judgment of foreclosure was to convert the obligation from an unliquidated into a liquidated one. The old obligation remained, but in a new form. The tax on the mortgage for the year 1925 having been paid in the form of a registration tax, under the provisions of section 12352, supra, the judgment was not subject to an ad valorem tax for that year.

3. The record shows that the deceased owned a certificate of deposit dated December 30, 1922, and that it was collected in 1925. The only evidence tending to show that it was not included in the property listed for taxation for 1924 was the testimony of the tax ferret to the effect that no tax was paid on the same for 1924, and that the total personal assessment of N. C. Gallemore for the year was $1,200. This testimony was objected to as not being the best evidence, and its admission is assigned as error. The assessment list showing what personal property was included in the $1,200 assessed valuation was not offered. The trial in the county court is governed by the Code of Civil Procedure. Section 12348, O. S. 1931. The burden of proof is upon the state. In re Daniels'

Omitted Property, 108 Okla. 195, 235 P. 543.

The testimony of the tax ferret was improperly admitted over the objection of the administrator. It was a conclusion of the witness and was not the best evidence, the assessment list and records of the county assessor and the county treasurer being the best evidence. There being no competent evidence on which to base the judgment of the lower court, it must be reversed.

If the certificate of deposit was included in the $1,200 item, the proceedings are unauthorized, as the law does not authorize the tax ferret to cause property to be revalued. State v. Cushing Grocery Co., 135 Okla. 186, 274 P. 876; Payne County v. Empire Petroleum Co., 104 Okla. 42, 230 P. 710; In re Assessment of Durant National Bank, 107 Okla. 65, 230 P. 712. However, if, upon a retrial of this case, the evidence shows that the certificate of deposit was entirely omitted and was not merely undervalued, the lower court should enter said certificate of deposit upon the tax rolls.

Other assignments of error are made which it is not necessary to decide.

The judgment of the lower court is therefore reversed and remanded, with directions to strike the judgment from the tax rolls, and to grant a new trial as to the certificate of deposit.

The Supreme Court acknowledges the aid of District Judge Thurman S. Hurst, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion, as modified, was adopted by the court.