2000 OK 7

Wanda J. JOHNSON, Plaintiff/Appellant,

v.

STATE of Oklahoma, ex rel. DEPART-
MENT OF PUBLIC SAFETY, Bob A.
Ricks, Commissioner, Defendant/Appel-
lee.

No. 92,359.

Supreme Court of Oklahoma.

Feb. 1, 2000.

Rehearing Denied May 2, 2000.

Bob G. Carpenter, Richard D. Laquer, Carpenter & Laquer, Oklahoma City; Gary L. Richardson, Keith A. Ward, Michael H. Freeman, Tulsa, Oklahoma, for Appellant.

Lisa McLaughlin–Molinsky, Michelle R. Day, Department of Public Safety, Oklahoma City; Guy L. Hurst, Wellon Poe, Attorney General's Office, Oklahoma City, for Appellee.

HODGES, J.

¶ 1 This action follows the Court of Civil Appeals' decision in *Fink v. State ex rel. Dept. of Public Safety,* 1992 OK CIV APP 169, 852 P.2d 774, and this Court's decision in *Sholer v. State ex rel. Dept. of Public Safety,* 1995 OK 150, 945 P.2d 469 (*Sholer I*). The issue in this appeal is whether the trial court erred in denying appellant's application for a writ of mandamus which sought an order for the Oklahoma Department of Safety to pay her money judgment. After a review of the record and law, we find that the writ should issue.

## I. BACKGROUND

¶ 2 For years the Oklahoma Department of Public Safety (Department) misapplied sections 6–212 and 6–212.1 of title 47 and assessed multiple reinstatement fees for restoring a driver's license. In *Fink*, the driver initially had his license suspended for six months. The driver received several more suspensions before attempting to have his license reinstated. The Department stacked the suspensions and attempted to charge a reinstatement fee for each offense. The Court of Civil Appeals held that the Department had misapplied the statutes and could assess only one reinstatement fee. On April 13, 1993, this Court denied certiorari review. The Department changed its policy to conform to *Fink* on July 6, 1993. During 1993 and 1994, the Department paid approximately 1300 unsolicited refunds from a "clearing account".

¶ 3 One day after the change in policy, a class action was brought pursuant to *Fink* to recover reinstatement fees in excess of that authorized by statute. *Sholer I*, 1995 OK 150, ¶¶ 3–4, 945 P.2d at 471. The primary issues in *Sholer I* were whether the decision in *Fink* was correct and whether the decision should be applied retroactively. *Id.* at ¶ 18, 945 P.2d at 473. This Court held that the *Fink* decision was correct and should be applied retrospectively subject to the three-year statute of limitations and remanded the matter on the issue of class certification.[1]

¶ 4 On remand, Wanda Johnson, a named plaintiff in *Sholer I*, opted out of the class and proceeded individually. The trial court, determining that Ms. Johnson was entitled to a refund from the Department, awarded her a judgment of $107.25 plus interest. The judgment was not appealed and is final. The Department has refused to pay the judgment.

¶ 5 Ms. Johnson filed this action seeking a writ of mandamus to compel the Department to pay her refund, although now in the form of a judgment. The Department has taken the position that Ms. Johnson's claim for a refund merged into the judgment extinguishing her refund claim, that the clearing account cannot be used to pay a money judgment, that there are no appropriated funds to pay the judgment, and, thus, the Department had no funds with which it is authorized to pay the judgment.

¶ 6 The trial court and the Court of Civil Appeals both denied Ms. Johnson's petition and refused to issue a writ. Both lower courts agreed with the Department that Ms. Johnson's claim for a refund was extinguished under the doctrine of merger and her judgment could not be paid from the clearing account. This Court granted certiorari.

## II. PAYMENT OF JUDGMENT FROM CLEARING ACCOUNT

■ ¶ 7 The question of whether Ms. Johnson's judgment can be paid from the Department's clearing account, the account from which the Department has paid the other refunds, is determinative of whether a writ of mandamus should issue. Payments from the clearing account are governed by section 7.1 of title 62 of the Oklahoma Statutes which provides:

> At least once each month each state agency shall transfer monies deposited in agency clearing accounts to the various funds or accounts, subdivisions of the state, or functions as may be provided by statute and no money shall ever be disbursed from the agency clearing account for any other purpose, except in refund of erroneous or excessive collections and credits.

If the judgment is in the nature of a refund for purposes of this statutory provision, the

---

1. On remand, the district court (1) certified a class (Class A) consisting of individuals who had paid multiple reinstatement fees and additional fees after July 6, 1990 and before July 8, 1993, (2) refused to certify a class (Class B) consisting of individuals who had paid multiple reinstatement fees and additional fees or the incorrect additional fee after July 7, 1993, and (3) awarded costs to Sholer as the prevailing party. The matter was appealed. *Sholer v. State ex rel. Dept. of Public Safety*, 1999 OK CIV APP 100, 990 P.2d 294, (*Sholer II*). In *Sholer II*, the Court of Civil Appeals affirmed the certification of Class A, reversed the district court's denial of the certification of Class B, and affirmed the award of costs. The Court of Civil Appeals' opinion became final on November 4, 1999.

Department has authority to pay it from the clearing account.

¶ 8 The Department argues that, under the doctrine of merger, Johnson's claim for a refund was merged into the judgment, and the refund claim ceased to exist. The Department posits that section 7.1 allows it to disburse funds from its clearing account for refunds of erroneous or excessive collections but not for money judgments. The Department continues that, because Ms. Johnson has a judgment and no longer has a refund claim, it is not authorized to pay the judgment out of the clearing account. Relying on article 5, section 55 of the Oklahoma Constitution [2], the Department advocates that the only remedy available to Ms. Johnson is through a legislative appropriation.

¶ 9 The doctrine of merger is a common law principle in which a cause of action is merged into a judgment, extinguishing the underlying cause of action. *Cooper v. Federal Res. Bank of Richmond*, 467 U.S. 867, 874, 104 S.Ct. 2794, 81 L.Ed.2d 718 (1984). Under the general rule, the judgment replaces the old debt which ceases to exist, *Randerson v. McKay*, 1920 OK 84, 77 Okla. 238, 188 P. 323, 324, and extinguishes all the remedial rights which accompany the underlying claim. Restatement (Second) of Judgments § 24(1). Under the rule of merger, the judgment does not annihilate the debt and the essential nature of the debt remains intact. *Milbourn v. State*, 1934 OK 268, 168 Okla. 168, 32 P.2d 291, 292. In the present case, the essential nature of the debt is a refund. The judgment in favor of Ms. Johnson did not change the nature of the debt. The judgment for Ms. Johnson, although a money judgement remains in the nature of a refund and falls within the purview of section 7.1 of title 62.

¶ 10 The doctrine of merger is part of the law of res judicata. *Swan v. Sargent Industries*, 1980 OK CIV APP 49 n. 1, 620 P.2d 473, 475 n. 1 (approved for publication by the Supreme Court). The doctrine of merger is generally utilized to prevent a second suit from being brought on a claim after judgment has been entered on the claim. See Restatement (Second) of Judgments § 18. The purpose of the rule of merger is to promote justice. See *Milbourn v. State*, 1934 OK 268, 32 P.2d at 292.

¶ 11 The rule of merger is not without exception and will be extended only so far as necessary to further its purpose. *Id.* The rule of merger will not be applied when to do so will create unjust or inequitable results. *Id.* When a cause of action is extinguished because it is merged into a judgment, the advantages which attached to the original claim may be preserved. Restatement (Second) of Judgments § 18 cmt. g. For example, a lien is not extinguished merely because a creditor obtains a judgment against a debtor. *Id.* Likewise, a creditor does not forfeit its priority in bankruptcy by obtaining a judgment. *Id.*

¶ 12 To apply the rule of merger in the present case would create inequitable and unjust results and would undermine the rule's purpose. Under the Department's assertion, it could forever avoid the payment of the refund by refusing to pay a claim and forcing the claimant to obtain a judgment. Then a claimant would never be able to recover a refund. The scenario would be, the Department refuses to pay a rightfully entitled claimant a refund, the claimant obtains a judgment, and the absurd result would be that the Department would then lack authority to pay the refund. Under the Department's argument, the purpose of the rule of merger would be thwarted.

¶ 13 This Court will not apply an explicit statute such as section 7.1 of title 62 of the Oklahoma Statutes in such a manner to result in an absurdity. *State ex rel. Macy v. Bd. of County Comm's of Oklahoma Coun-*

---

**2.** Article 5, section 55 of the Oklahoma Constitution provides:

No money shall ever be paid out of the treasury of this State, nor any of its funds, nor any of the funds under its management, except in pursuance of any appropriation by law, nor unless such payments be made within two and one-half years after the passage of such appropriation act, and every such law making a new appropriation, or continuing or reviving an appropriation, shall distinctly specify the sum appropriated and the object to which it is to be applied, and it shall not be sufficient for such law to refer to any other law to fix such sum.

*ty,* 1999 OK 53 n. 27, 986 P.2d 1130. Logical application of section 7.1 requires that a refund be paid to a claimant entitled to a refund whether the refund is sought through the administrative process or the claimant is forced by the Department to obtain a judgment. Further the clear language of section 7.1 authorizes payment of refunds whether they be administrative in form or in the form of a judgment because both are in the nature of a refund for an erroneous or excessive collection.

### III. WRIT OF MANDAMUS

¶ 14 Mandamus is proper "to compel the performance of an act which the law specially enjoins as a duty, resulting from an office, trust or station," Okla. Stat. tit. 12, § 1451 (1991), and "for which the law provides no adequate remedy." *Stonecipher v. Dist. Court of Pittsburg County,* 1998 OK 122, ¶ 12, 970 P.2d 182, 185. Ms. Johnson has obtained a judgment against the Department based on her refund claim. Section 7.1 of title 62 authorizes the Department to pay her judgment from its clearing account. The Department has refused. Ms. Johnson has no other adequate remedy. Thus, a writ of mandamus is the proper method of compelling the Department to pay Ms. Johnson's judgment.

### IV. CONCLUSION

¶ 15 The rule of merger does not operate to extinguish a claimant's right to a refund to be paid from the Department's clearing account. The clear language of section 7.1 of title 62 allows payment of a judgment in the nature of a refund from the Department's clearing account. Mandamus is the proper procedure for enforcing Ms. Johnson's right to a refund.

¶ 16 The judgment of the district court is reversed. The Court of Civil Appeals' opinion is vacated. A writ of mandamus is issued ordering the State Department of Public Safety, Commissioner Bob A. Ricks, to pay Ms. Johnson the amount to which she is entitled pursuant to the judgment rendered in the District Court of Oklahoma County on March 5, 1998, in *Sholer v. State of Okla-*

*homa, ex rel. Dept. of Public Safety,* Case Number CJ–93–5216–61.

JUDGMENT OF DISTRICT COURT REVERSED; COURT OF CIVIL APPEALS' OPINION VACATED; WRIT ISSUED.

¶ 17 SUMMERS, C.J., HARGRAVE, V.C.J., LAVENDER, KAUGER, WATT, and BOUDREAU, JJ., concur.

¶ 18 OPALA, J., concurs in result.