2005 OK CIV APP 89

Clarence W. PENDLEY,
Plaintiff/Appellant,

v.

POTTAWATOMIE COUNTY ASSESSOR
and Town of McLoud,
Defendants/Appellees.

No. 100,809.

Court of Civil Appeals of Oklahoma,
Division No. 3.

Aug. 19, 2005.

Clarence W. Pendley, McLoud, OK, Pro se.

Robert Mitchell, Assistant District Attorney, and John G. Canavan, Jr., Assistant District Attorney, Henry, Canavan & Hopkins, P.L.L.C., Shawnee, OK, for Defendant/Appellee County Assessor.

Michael P. Warwick, Michael P. Warwick, Inc., Shawnee, OK, for Defendant/Appellee Town of McLoud.

Opinion by KENNETH L. BUETTNER, Chief Judge.

¶ 1 Clarence W. Pendley filed an Application for Writ of Mandamus seeking extraordinary relief in the form of directing the Pottawatomie County Assessor and the Town of McLoud to meet and discuss the ownership and taxable status of the buildings of the Central Oklahoma Correctional Facility for the period of approximately May 1, 1997 to April 10, 2003. The District Court granted County Assessor's Motion to Dismiss and Town's Special Appearance in separate orders. Pendley filed a Motion to Vacate which the District Court denied. We reverse.

¶2 "Mandamus is proper 'to compel the performance of an act which the law specially enjoins as a duty, resulting from an office, trust or station,' Okla. Stat. tit. 12 § 1451 (1991),[1] and 'for which the law provides no adequate remedy.'" *Johnson v. State ex rel. Department of Public Safety,* 2000 OK 7, ¶14, 2 P.3d 334, 338, citing *Stonecipher v. Dist. Court of Pittsburg County,* 1998 OK 122, ¶12, 970 P.2d 182.

¶3 Pendley alleged in his Application for Writ of Mandamus that the Town of McLoud entered into an agreement with Dominion Company to build and operate a private prison on the outskirts of McLoud. The Application states that the prison operated as a private prison from September 1998 until April 2003 when it was sold to the Oklahoma Department of Corrections. No ad valorem taxes were levied on either the land or buildings during this time. He claims that the Town of McLoud owned the land, but although it was widely believed that it also owned the buildings, another entity (Dominion Company) owned the buildings. He states in his Application that a member of Dominion Company so stated at a meeting of the McLoud Economic Development Authority, but that this man later recanted this statement. Pendley informed the County Assessor of this information and asked her to investigate. The County Assessor concluded that the buildings were not taxable because they were owned by the Town of McLoud. In early 2003, the McLoud Economic Development Authority (MEDA) and McLoud Correctional Properties, L.L.C. (MCP) entered into an Agreement to Convey Title to Real Estate. In that agreement, the parties state that MEDA owned the real estate and MCA owned the Correctional Facility. MEDA agreed to sell the real estate to the Oklahoma Development Finance Authority for $1,000,000. In a separate document, Dominion Venture Group, L.L.C., recited that MCP was a subsidiary of Dominion, and that Dominion agreed to sell the Correctional Facility, leasehold estate, and certain personal property to the Oklahoma Department of Corrections for $35,920,000. The heart of Pendley's Application is that the court should order the Assessor to assess taxes on the Correctional Facility during the time when it was a private prison.

¶4 The Town of McLoud filed a Special Appearance and Objection to the Writ of Mandamus. The District Court ordered the Application for Writ of Mandamus be dismissed as to the Town of McLoud on the grounds that (1) Plaintiff's Application did not seek the performance of any clear legal duty by the town and the town could not be legally compelled to perform the acts requested; and (2) Plaintiff sued the wrong party. The rulings as to the Town of McLoud were not addressed in Pendley's Motion to Vacate nor on appeal and therefore stand unassailed and final.

¶5 The Pottawatomie County Assessor moved to Dismiss the Writ of Mandamus stating, among other things, that Pendley (1) failed to show standing because he had no particular interest independent of that which he holds in common with people at large for the requested performance of the duty of the Assessor; (2) failed to meet the statutory elements of the extraordinary equitable remedy (writ of mandamus); (3) failed to state a clear legal right to the remedy he requested (Assessor to meet and have discussions with Town); and (4) Mandamus may not be used to control or command public officers in the discharge of duties which involve the exercise of discretion. The Assessor attached her affidavit and property deeds showing that a) Dominion Management, Inc., deeded the real property to MEDA, a public trust, May 1, 1997; b) MEDA deeded the property to MCP October 10, 2003; c) MCP deeded the property to the Oklahoma Department of Corrections April 10, 2003; and also attached an Agreement to Convey Title to Real Estate dated January 23, 2003. The Assessor's affi-

1. 12 O.S.2001 § 1451: The writ of mandamus may be issued by the Supreme Court or the district court, or any justice or judge thereof, during term, or at chambers, to any inferior tribunal, corporation, board or person, to compel the performance of any act which the law specially enjoins as a duty, resulting from an office, trust or station; but though it may require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its functions, it cannot control judicial discretion.

davit states the property received a pro rata ad valorem taxation for the 1997 tax year.

¶ 6 With respect to Assessor's Motion to Dismiss, the District Court found that Pendley did not have standing to file the action solely in his name; failed to state a clear legal right that would be enforced by the granting of his Application for Mandamus; there were no allegations contained in the application which showed a violation of a clear legal duty of the Assessor; and mandamus would not lie to enforce the plea request. It then dismissed the Application as against the Assessor.

¶ 7 Pendley thereafter moved to vacate the dismissal order with respect to the County Assessor and to amend his pleadings. It was his position that the buildings on the prison grounds were not exempt from taxation during the time it was a private prison. The Assessor's affidavit stated that in performing her statutory duties, she can only rely on documents actually of record.[2] Pendley argued that her duty required more, such as meeting with the Town of McLoud to find out the sales price of the land and buildings when Dominion Company sold the property to MEDA.[3] In support, he cited 68 O.S.2001 § 2818(B)[4] and case law which this court will address in our review of the issues on appeal. The District Court denied the Motion to Vacate May 20, 2004.

¶ 8 In his first proposition of error, Pendley asserts that the trial court erred in failing to follow *State ex rel. Yakubosky v.*

*Wilson*, 1975 OK 132, 541 P.2d 843, and 1999 OK AG 42 which he states support his claim to standing to seek the writ of mandamus. *Yakubosky*, referenced in the Attorney General's opinion, was brought "on relation of the State." In *Yakubosky*, taxpayers were permitted to bring an action for writ of mandamus on relation of the State of Oklahoma requiring the Oklahoma County Assessor to remove the exempt status on the tax rolls of St. Anthony hospital which they alleged discriminated against persons seeking admission with regard to ability to pay. The rule is that "[i]n an action for mandamus, where a question of public right is directly involved, the action should be brought in the name of the state, the person instituting the proceeding appearing as relator; where an individual has a particular interest of his own, independent of that which he holds in common with the people at large, in the performance of some statutory duty imposed upon some officer of the board and so under the Code can rightfully claim to be the real party in interest, then the action may be maintained in his own name." *Stubbs v. Excise Board of Muskogee County*, 1935 OK 778, 49 P.2d 83 (syllabus by the court, ¶ 0). Pendley never claimed a special or direct benefit separate from that of all residents of Pottawatomie County. A particular plaintiff was permitted to maintain an action for mandamus in *Adair County Excise Board v. Board of County Commissioners*, 1968 OK 32, 438 P.2d 484 because in this case the individual had been employed by the Board of County Commissioners and received a salary from certain

2. Assessor's affidavit also states that her office contacted the Oklahoma Tax Commission which verified her judgment that the 68 O.S.2001 § 2887(1)(2) exemptions were applicable to the prison. Section 2887: The following property shall be exempt from ad valorem taxation: .... (2) All property of this state, and of the counties, school districts, and municipalities of this state, including property acquired for the use of such entities pursuant to the terms of a lease-purchase agreement which provides for the passage of title or the release of security interest, if applicable, upon payment of all rental payments and an additional nominal amount; ....

3. Although there is no statutory duty for the Assessor to meet with the Town, it is her duty to do more than simply rely on record searches. She must view and inspect and do all things necessary to assess and value property (68 O.S.

2001 § 2818(B)); appraise property (§ 2818 C(1)); examine any person under oath with regard to the amount or value of his property (§ 2818 C(2)); and physically and visually inspect real property (68 O.S.2001 §§ 2820, 2821).

4. 68 O.S.2001 § 2818(B): The County Assessor shall assess and value all property, both real and personal, which is subject to assessment by him, and shall place a separate value on the land and improvements in assessing real estate; and he shall do all things necessary, including the viewing and inspecting of property, to enable him to assess and value all taxable property, determine the accuracy of assessment lists filed with him, discover and assess omitted property, and determine the taxable status of any property which is claimed to be exempt from ad valorem taxation for any reason.

earmarked funds. At budget time, the excise board did not approve this item and the employee filed a writ of mandamus to require the Excise Board to approve the item. He was allowed to pursue the action in his own name because he had "particular interest of his own that is independent of that which he holds in common with the people at large. He personally benefits financially from a successful prosecution of the mandamus action." *Id.* at ¶ 8, p. 486.

¶ 9 In the case at bar, however, there was no substantive reason for denying standing. Not only case law, but the Attorney General's opinion which Pendley brought to the Court's attention, stated that a "... taxpayer may seek a writ of mandamus pursuant to 12 O.S. 1451 (1991) to compel assessment if a county assessor fails to assess all the taxable property in a county."[5] Because the defect in the caption may be remedied by amendment, the trial court erred in granting the Motion to Dismiss the Writ of Mandamus. We reverse on this ground and remand the matter with directions to grant leave to Pendley to allow him to amend the caption of his Application and specify the time within which the amended pleading shall be filed. 12 O.S.2001 § 2012(G).[6]

¶ 10 Pendley's second contention of error, that the Trial Court erred in sustaining Assessor's claim that it is within her discretion if she makes a mistake and classifies taxable real property as exempt, is not supported by the record. The trial court did not make an adjudication that the Assessor had discretion to make a mistake and classify taxable real property as exempt. We set out in full the four findings of the District Court with respect to the County Assessor, and this was not one of them. We will not address this proposition of error.

¶ 11 With respect to Pendley's third contention, that the trial court erred in not

considering that the real property is taxable under *State ex rel. Cartwright v. Dunbar,* 1980 OK 15, 618 P.2d 900, we note that Assessor produced evidence of private leasehold interests. Assessor's Exhibit 4 to her Motion to Dismiss is a document entitled "Agreement to Convey Title to Real Estate," dated January 23, 2003, between MEDA and McLoud Correctional Properties, L.L.C. The agreement recites that MCP, a Delaware limited liability company, owns the Facility and is the holder of the leasehold estate in the property, where MEDA is the landlord and Dominion Management is the tenant. The agreement also states that it is recorded in Pottawatomie County and gives the book and page number. This agreement also states that because MCP proposes to sell the Facility and the leasehold interest to the Oklahoma Development Finance Authority in connection with a proposed lease-purchase transaction with the Oklahoma Department of Corrections, to facilitate that transaction, MCP requests MEDA to convey its fee interest to ODFA for $1,000,000. Thereafter, on March 7, 2003, an "Agreement for Sale of Real Property" was entered between Dominion Venture Group, L.L.C. and McLoud Correctional Properties, L.L.C. (Sellers) and Oklahoma Department of Corrections (Buyer), in which MCP, owner of the leasehold interest, sold the entire fee to DOC, including all buildings and improvements, for $35,920,000.

¶ 12 In *Dunbar,* the court determined that the nature of the ownership that the private lessees/purchasers in possession of the public trust property had, despite the name of the transaction the parties gave it, was an executory contract for sale. It therefore determined that the duty to pay taxes was on the lessee/purchaser. It is incumbent on the Assessor to determine the substance of the ownership.

---

5.  1999 OK AG 42

6.  12 O.S.2001 § 2012(G): FINAL DISMISSAL ON FAILURE TO AMEND. On granting a motion to dismiss a claim for relief, the court shall grant leave to amend if the defect can be remedied and shall specify the time within which an amended pleading shall be filed. If the amended pleading is not filed within the time allowed, final judgment of dismissal with prejudice shall be entered on motion except in cases of excusable neglect. In such cases amendment shall be made by the party in default within a time specified by the court for filing an amended pleading. Within the time allowed by the court for filing an amended pleading, a plaintiff may voluntarily dismiss the action without prejudice.

¶13 In the case at bar, the Pottawatomie County Assessor did not have discretion to ignore plain evidence of real property subject to ad valorem taxation. We REVERSE the order dismissing the writ of mandamus and REMAND the matter with direction to permit Pendley sufficient time to amend his Application for Writ of Mandamus so that the caption reflects the interest he holds with the people at large.[7]

HANSEN, J., and JOPLIN, P.J., concur.

7. *State ex rel.* CLARENCE W. PENDLEY, Plaintiff, vs. POTTAWATOMIE COUNTY ASSESSOR, Defendant.